## H. E. Kelley *vs.* I. I. Hance.

Third Judicial District, New Haven, June Term, 1928.

Wheeler, C. J., Maltbie, Hinman, Banks and John Richards Booth, Js.

Argued June 8th—decided July 16th, 1928.

*Irving G. Smith,* for the appellant (defendant).

*Wilbur F. Davis,* for the appellee (plaintiff).

BANKS, J. In September, 1926, the plaintiff and defendant entered into a contract in which the former agreed to excavate to the proper level and construct a concrete sidewalk and curb in front of the latter's property for the agreed price of $420, being at the rate of $3 per running foot for one hundred and forty feet. The plaintiff agreed to start the work within a week and to complete it before cold weather set in. The plaintiff did not start work until December 4th, 1926. He removed a strip of earth along the frontage of defendant's premises to a width of twelve feet and a depth of eight feet and then left the premises and has not since done anything further toward the completion of his contract. On March 2d, 1927, the defendant notified the plaintiff that he cancelled the contract. The reasonable value of the work done by the plaintiff was $158.60. Judgment was rendered in favor of the plaintiff for $133.68, which amount imports an award of nominal damages of $25 to the defendant upon his counterclaim for the value of the earth removed by the plaintiff.

The trial court reached the conclusion that the defendant was justified in cancelling the contract because of the failure of the plaintiff to perform, but that the latter was entitled to recover the reasonable value of the benefits accruing to the defendant from the work done by the plaintiff.

While the plaintiff's contract was for the construction of a sidewalk and curb at a unit price per running foot, no section of the walk and curb was completed, and it is not claimed that plaintiff could recover upon the theory of a performance of a divisible portion of the contract. Nor was he entitled to recover upon the theory of a substantial performance. This was in the nature of a construction contract, as to which class of contracts the rule is liberally applied permitting a

recovery where a contractor has deviated slightly from the terms of the contract, not wilfully but in good faith, and there has been a substantial performance of the contract of which the other party has received the benefit. *Pinches* v. *Swedish Evangelical Lutheran Church*, 55 Conn. 183, 10 Atl. 264; *Daly & Sons* v. *New Haven Hotel Co.*, 91 Conn. 280, 99 Atl. 853. Here, however, not only is there no finding of substantial performance, but it appears from the finding that no portion of the sidewalk and curb was actually constructed by the plaintiff who after making an excavation along the front of defendant's premises left the work and has not done anything since toward its completion. The court has found that the reasonable worth of the work done by the plaintiff was $158.60, slightly more than a third of the contract price, and that the defendant has benefited to that extent from the plaintiff's work. The case, therefore, is one where a contractor has without justification abandoned his contract before completion but seeks to recover from the defendant the reasonable worth to the latter of the work done prior to the abandonment.

Though a contractor has failed of performance for reasons which would not excuse a breach, and where there has not been even substantial performance, the breach being merely negligent, many of the more recent decisions have held that he could recover the value of his work less the damages caused by his default. 3 Williston on Contracts, §1475, and cases cited. Such recovery is allowed, not upon the original contract, for that has been breached, but in quasi-contract upon the theory that if such recovery were not allowed the other party would be unjustly enriched at the expense of the contractor. 6 Page on Contracts, §3262. Some cases have gone so far as to allow an employee who has performed part of his employment to recover

reasonable compensation though his failure to render further performance was due to his wilful abandonment of his contract. 3 Williston on Contracts, §1477. By the weight of authority, however, there can ordinarily be no recovery where the contractor has wilfully abandoned his contract without justification. *Pinches* v. *Swedish Evangelical Lutheran Church, supra; Daly & Sons* v. *New Haven Hotel Co., supra; Fagerholm* v. *Nielson*, 93 Conn. 380, 386, 106 Atl. 333; *Pollak* v. *Danbury Mfg. Co.*, 103 Conn. 553, 557, 131 Atl. 261; 3 Williston on Contracts, §1475; 6 Page on Contracts, §3265; L.R.A. 1916E, 800; Keener on Quasi-Contracts, 215.

While the mere fact that part performance has been beneficial to the defendant will not entitle the plaintiff to recover where he has abandoned performance without justification, the defendant may nevertheless make himself liable by his voluntary acceptance of the benefits under circumstances sufficient to raise an implied promise to pay for them notwithstanding the nonperformance of the contract. Where one retains goods received in part performance of a contract, a promise to pay for them is ordinarily implied, since he has the option either to pay for or return them. Where, however, work has been done upon one's land, the benefit cannot well be returned and an acceptance of the benefit cannot be implied from the mere retention of possession of the land. In such cases therefore the better rule would seem to be that, except where there has been an actual acceptance of the work prior to its abandonment by the plaintiff, mere inaction on the part of the defendant will not be treated as an acceptance of the work from which a promise to pay for it may be implied. *Sumpter* v. *Hedges*, L. R. (1898) 1 Q. B. 673; *Elliott v. Caldwell*, 43 Minn. 357, 45 N. W.

845, 9 L.R.A. 52; 6 Page on Contracts, §3269; 9 Corpus Juris, 819.

We have held that recovery can be had for partial performance which has been beneficial only when the benefit has been appropriated by the defendant under circumstances sufficient to raise an implied promise to pay for the reasonable value of what has been received. *Jones* v. *Marlborough,* 70 Conn. 583, 589, 40 Atl. 460; *Jones & Hotchkiss Co.* v. *Davenport,* 74 Conn. 418, 420, 50 Atl. 1028.

The finding discloses an abandonment of his contract by the plaintiff after the excavation was made but before any portion of the sidewalk and curb had been constructed. No justification for this abandonment appears and the plaintiff cannot therefore recover the reasonable value of the work done unless there has been such an acceptance of it by the defendant as to raise an implied promise on his part to pay for it. No acceptance of the work by the defendant prior to the breach is found and no promise to pay for the benefit received can be implied from the mere fact that he has received a benefit which from the nature of the case he could not avoid receiving and was powerless to return. It follows that the court erred in its conclusion that the plaintiff was entitled to recover the reasonable value of the work done by him in the partial performance of his contract.

In the absence of any evidence of the market value of the dirt which it is found was wrongfully disposed of by the plaintiff, the defendant cannot justly complain of the award to him of nominal damages.

There is error, the judgment is reversed and the City Court of Meriden is directed to enter its judgment in favor of the defendant for nominal damages upon his counterclaim.

In this opinion the other judges concurred.