AUTOMOBILE INSURANCE COMPANY *v.* MODEL FAMILY LAUNDRIES, INC.

MALTBIE, C J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

434

Argued January 8—decided March 5, 1947

*Robert J. Woodruff,* for the appellant (defendant).

*Morris Tyler,* with whom was *Richard H. Bowerman,* for the appellee (plaintiff).

MALTBIE, C. J.  In this action the plaintiff, as assignee of the Yale Cold Storage Corporation, hereinafter called the corporation, seeks to recover sums it claims the corporation was entitled to receive from the defendant either as the agreed price for storing articles which were deposited with it by the defendant and were lost or damaged by fire or as the reasonable value of services it rendered to the defendant in connection with the storing, restoration and partial restitution of the articles after the fire.  From a judgment for the plaintiff the defendant has appealed.

The facts as they appear in the finding, corrected in minor respects and somewhat supplemented by the exhibits attached to it, may, for the purposes of this decision, be briefly summarized.  The corpo-

ration was engaged in the business of storing for hire fur coats and like articles in its warehouse. The defendant deposited with it one thousand five hundred and seventy-two garments which had been entrusted to it by its customers and the corporation gave it a receipt on the back of which was an agreement that the corporation would store the garments and would insure them against loss or damage by fire or water used in extinguishing fire. The corporation had in its warehouse a total of twenty-nine thousand garments. It insured the articles deposited with it against loss by fire with the plaintiff. It also took out insurance with the plaintiff to protect itself against the loss of storage charges due to fire. A fire occurred in the warehouse, and most of the garments deposited by the defendant were lost or destroyed or so damaged that, despite efforts to restore them, the defendant's customers refused to receive them back. Shortly after the fire the plaintiff paid the corporation $970.30 representing storage charges due to it from the defendant. The corporation assigned to the plaintiff all its rights to accounts receivable upon the corporation's books. The plaintiff paid all the claims for the loss of or damage to garments which were presented to it by the defendant's customers. Their claims were submitted upon a form prepared by the plaintiff which contained an assignment to it of all rights in the garments. A salvage company, as agent of the plaintiff, took possession of all garments which could be found after the fire in order to put them in the best possible condition and thereby reduce the losses. Of the whole number of garments deposited with the corporation by the defendant only one hundred and one were

ultimately accepted on their return by the defendant or its customers.

In addition to these facts, the parties have assumed the existence of certain others and, for the purpose of this decision, we shall consider them as though they had been formally found. They are: At the time of the assignment to the plaintiff the storage charges had not been paid by the defendant; and the fire occurred without any fault of the storage corporation. There is no finding as to the contractual relationship between the defendant and its customers or as to the obligations it owed them, and we must, therefore, treat the case, as the trial court did, upon the basis that the defendant occupied the same position as it would had it owned the garments.

The complaint is in two counts. In the first the plaintiff, as assignee of the corporation, sought to recover the storage charges claimed to be due from the defendant to the corporation; in the second, as such assignee, it sought to recover the reasonable value of services rendered by it to the defendant in storing and insuring the garments. The trial court concluded that charges due for the storage could not be recovered because the bailed articles were not returned, but that the plaintiff was entitled to the reasonable value of the services rendered by it and by the corporation to the defendant. It based the latter conclusion upon the benefit which came to the defendant and its customers by reason of services performed by the storage company and the plaintiff, the return and acceptance of certain garments in discharge of the obligation of the corporation, the return and acceptance of other garments with compensation for the damage done to them, and the payment of the value of garments not returned. It

found the reasonable value of these services to be $970.30, which was the full amount the defendant would have owed the corporation had the contract been performed. We point out, in passing, that as the plaintiff is suing solely as assignee of the corporation the pleadings lay no basis for any recovery by the plaintiff based upon anything it did or upon the efforts of its agent, the salvage company, to restore the garments into such a condition that the owners would accept their return, if, indeed, the facts would justify any recovery for those services.

The terms of the written agreement between the corporation and the defendant only bound the former to store the garments; it gave the corporation no right to retain them for any particular time; and the law would, therefore, imply an obligation on its part to surrender them to the defendant on demand. *Wells* v. *Active Automobile Exchange, Inc.*, 99 Conn. 523, 527, 121 A. 883; *Marron* v. *Bohannan*, 104 Conn. 467, 470, 133 A. 667. The conclusion of the trial court that there could be no recovery based upon the contract of storage because the garments were not returned is not attacked and we shall discuss the case upon that basis. The question before us, then, is this: Where a bailee accepts goods for storage, agreeing to insure them against loss or damage by fire, does so insure them and, after they are lost or damaged by fire, the insurer pays the owner an amount representing their value or depreciation in value, can the bailee, having broken his contract to return them, recover for his services? One cannot recover upon a contract unless he has fully performed his own obligation under it, has tendered performance, or has some legal excuse for not performing. *Pratt* v. *Dunlap*, 85 Conn. 180, 183, 82 A.

195; *Lunde* v. *Minch,* 105 Conn. 657, 659, 136 A. 552. Where, however, after partial performance of a contract by the promisor, the destruction of the subject matter without fault on the part of the promisor renders full performance impossible, he may recover for so much of his undertaking as he has performed, at least if the promisee has been benefited thereby. *Goldfarb* v. *Cohen,* 92 Conn. 277, 284, 102 A. 649; *Leahy* v. *Cheney,* 90 Conn. 611, 615, 98 A. 132; 6 Williston, Contracts (Rev. Ed.) § 1975; Restatement, 2 Contracts § 468.

There is a conflict in the authorities as to the basis upon which, under this principle, compensation should be made. Under one theory, the promisor would be permitted to recover a pro rata amount of the contract price. 5 Page, Contracts (2d Ed.) § 2720. As Page points out, the effect of this rule is to treat a contract which has been discharged by impossibility of performance as still in force. In *Leahy* v. *Cheney,* supra, we said that recovery by a promisor in such a case would be "not by an action upon the contract, but upon a quantum meruit for services performed." We have been confronted with a somewhat similar question with reference to the doctrine under which, at least in building contracts, a contractor is permitted under certain circumstances to recover where he has substantially but not fully performed. In *Fagerholm* v. *Nielson,* 93 Conn. 380, 386, 106 A. 333, we stated that an action by the contractor in such a situation was one on the contract; in *Kearns* v. *Andree,* 107 Conn. 181, 186, 139 A. 695, we treated such a case as falling within the category of those where recovery might be had on an implied contract, with recovery based upon reasonable compensation to the contractor for

the services performed and materials furnished; but in *Kelley* v. *Hance,* 108 Conn. 186, 188, 142 A. 683, we definitely placed the doctrine upon the following ground: "Such recovery is allowed, not upon the original contract, for that has been breached, but in quasi-contract upon the theory that if such recovery were not allowed the other party would be unjustly enriched at the expense of the contractor." Where, after services have been performed, full performance of an agreement becomes impossible, recovery by the promisor must be upon some other basis than the obligation of the promisee in the contract.

Aside from an action on the contract, recovery has generally been based on one or the other of two grounds. One regards the right of the promisor as resting upon an implied contract under which he would be entitled to recover reasonable compensation for the services he has rendered; and the other permits a recovery in the nature of restitution for the benefits resulting from the part performance. 5 Page, op. cit., §§ 2717–2719. Williston strongly supports the former rule; 6 Williston, op. cit., § 1977; but as the promisee has contracted for full performance for an agreed consideration to be given by him it is difficult to see how the law can imply an intent on his part to pay a reasonable compensation for partial performance. "A true implied contract can only exist where there is no express one. It is one which is inferred from the conduct of the parties though not expressed in words." *Collins* v. *Lewis,* 111 Conn. 299, 304, 149 A. 668. In many, perhaps most, situations, either rule would bring about substantially the same result, for the compensation made to the promisor would usually be a fair meas-

ure of the benefit received by the promisee; but under either, under the particular circumstances involved, injustice may result to one or the other of the parties. The case before us well illustrates the difficulties in the application of the rule for which Williston contends; it would have permitted a recovery by the corporation of reasonable compensation for storing the garments up to the time of the fire; yet, where the garments were ultimately lost, these services were of no value whatsoever to the defendant, and it would have in fact received no consideration for the payment made. The Restatement adopts the principle of restitution; it states that the basis of recovery is the "value of the part performance," meaning thereby "the benefit derived from the performance in advancing the object of the contract, not exceeding, however, the ratable portion of the contract price." Restatement, 2 Contracts § 468, and illustration 6; Restitution § 108(c). This we regard as the sounder principle applicable in such a case, and we adopt it.

The plaintiff, as assignee of the corporation, was not entitled to recover anything for the storage of the goods. The agreement of bailment, however, stated two principal obligations resting upon the corporation, to store the property, with the implied obligation to return it to the defendant, and to insure it so that, in the event of loss or injury by fire, the defendant would be compensated. The destruction of the garments would prevent their return, but the performance by the corporation of its agreement to insure has resulted in indemnification of the defendant for loss or damage to them. To adopt the words quoted above from the Restatement, the procuring of the insurance was "performance in ad-

vancing the object of the contract." The defendant might have itself insured the garments, but under the agreement the corporation performed that service. The benefit to the defendant was the procuring of the insurance by the corporation. The plaintiff as assignee is entitled to recover the reasonable value of that service, which would presumably be the amount the corporation paid for the insurance it procured upon the garments deposited with it by the defendant. The trial court was in error in awarding damages upon the basis it adopted.

The storage corporation had a right of action against the defendant which it could assign to the plaintiff. The trial court did not find that the corporation received any consideration for the assignment to the plaintiff. The policy under which the latter insured the corporation against loss of charges due to the fire is not before us, and the assignment may have been made in pursuance of the terms of that policy. The facts with relation to the matter will no doubt be developed upon the new trial which we are ordering. Our analysis of the only basis upon which the plaintiff can recover points the way to the proper disposition of the objections to evidence the admission of which is assigned as error, should similar questions arise during that trial, and no purpose would be served by discussing at this time the rulings of the trial court upon them.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.