WILLIAM VINCENZI ET AL. *v.* GIOVANNI CERRO ET AL.

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued February 4—decision released April 6, 1982

*Joseph M. Brophy,* for the appellants-cross appellees (defendants).

*Robert R. Sheldon,* with whom, on the brief, were *T. Paul Tremont* and *Thomas M. Yuditski,* for the appellees-cross appellants (plaintiffs).

SHEA, J. In this suit on a building contract the trial court found that a balance of $20,015.40 plus interest was owed by the defendant owners for their home which the plaintiffs had constructed. From the judgment rendered the defendants have appealed claiming error in the conclusion of the trial court that the plaintiffs were entitled to recover on the basis of the contract price by virtue of their substantial performance of the work; in allowing the plaintiffs to be compensated for certain extra work not included in the original contract; in disallowing wholly or partially the setoffs claimed by the defendants for delay, correction of defective work, and finishing some items of the contract which the plaintiffs failed to complete; and in awarding the amount of interest included in the judgment. The plaintiffs have cross appealed claiming only that the calculation of interest was erroneous and prejudicial to them.

During oral argument the plaintiffs confessed error in the award of $100 as an extra charge for insulating the basement of the house as required by the building code and also conceded that the trial court should not have used eight percent as

the legal rate for the calculation of interest for the portion of the period involved prior to October 1, 1979, when General Statutes § 37-1 (a) was amended to change the legal rate from six to eight percent per year. Public Acts 1979, No. 79-364, § 1. The defendants also confessed error with respect to the interest award by virtue of the allowance of interest only to the date of trial rather than to the date of judgment. The parties agreed that they would be able to recalculate the amount of the damages with these revisions.

In a memorandum of decision the trial court set forth the facts in commendable detail. On October 5, 1976, the parties signed a written contract for the plaintiffs to construct a three-family house on land owned by the defendants in Bridgeport. The contract price was $91,000, to be paid in five installments as various stages of the work were finished. The house was to be completed within 150 days from the date of the execution of the contract, which would make the projected completion date March 4, 1977. Except for $2000 withheld for incomplete items, the first four scheduled payments were made. The payments made totaled $67,100, leaving a balance of $23,900 on the contract price. In August, 1977, the plaintiffs demanded this balance, but the defendants refused on the ground that the house was not complete and that some work was defective. The court found that the work was not finished at that time because the heating system was not approved until October, 1977, and a certificate of occupancy was not issued until November 9, 1977. This date, when the certificate of occupancy was obtained, was deemed by the trial court to be the date when the contract had been substantially performed by the plaintiffs.

The judgment awarded the plaintiffs the balance of the contract price, $23,900, plus certain extras totalling $1118.30, but deducted therefrom $5002.90 for defective or incomplete work and for the loss of rent suffered by the defendants for the period of unjustifiable delay.

The principal claim of the defendants is that the doctrine of substantial performance was inapplicable in this case because the plaintiffs were guilty of a wilful or intentional breach of contract by failing to complete all of the work required. "There is no reason why one who has substantially performed such a contract, but unintentionally failed of strict performance in the matter of minor details, should have imposed upon him as a condition of recovery for that of which the other party has received the benefit, the burden of showing by direct evidence its reasonable value, or why he should be deprived of all benefit of the contract which he has substantially performed." *Daly & Sons* v. *New Haven Hotel Co.,* 91 Conn. 280, 287–88, 99 A. 853 (1917). The defendants rely on this articulation of the doctrine of substantial performance, which is also quoted in the memorandum of decision, as indicating that a builder who has failed to complete his contract fully may not invoke its benefit unless he was prevented from doing so by some circumstance beyond his control, such as interference by the owner. We have in several cases approved the common statement that a contractor who is guilty of a "wilful" breach cannot maintain an action upon the contract. *Morici* v. *Jarvie,* 137 Conn. 97, 100, 75 A.2d 47 (1950); *Kelley* v. *Hance,* 108 Conn. 186, 189, 142 A. 683 (1928); *Tice* v. *Moore,* 82 Conn. 244, 249, 73 A. 133 (1909); see 3A Corbin, Contracts § 707. The contemporary view, however, is that even a con-

scious and intentional departure from the contract specifications will not necessarily defeat recovery, but may be considered as one of the several factors involved in deciding whether there has been full performance. 3A Corbin, Contracts § 707; 2 Restatement (Second), Contracts § 237, comment d. The pertinent inquiry is not simply whether the breach was "wilful" but whether the behavior of the party in default "comports with standards of good faith and fair dealing." 2 Restatement (Second), Contracts § 241 (e), and see comment f. Even an adverse conclusion on this point is not decisive but is to be weighed with other factors, such as the extent to which the owner will be deprived of a reasonably expected benefit and the extent to which the builder may suffer forfeiture, in deciding whether there has been substantial performance. Id., and see § 237, comment d.[1]

The reference in the memorandum of decision to the "wilful default" qualification of the doctrine of

---

[1] 2 Restatement (Second), Contracts § 237, comment d declares that "[t]he considerations in determining whether performance is substantial are those listed in § 241 for determining whether a failure is material." Section 241 provides as follows: "§ 241. Circumstances Significant in Determining Whether a Failure Is Material

In determining whether a failure to render or to offer performance is material, the following circumstances are significant:

(a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;

(b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;

(c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;

(d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;

(e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing."

substantial performance indicates the court considered this factor as well as others in concluding that the plaintiffs were entitled to recover on the contract. The court allowed the defendants $2060.40 on their claim for defective or incomplete items, $1527 for repairing stress cracks in the foundation walls and $533.40 for five minor items. Upon a contract price of $91,000 the proportion of unperformed work, therefore, was so minimal as to warrant the conclusion of substantial performance drawn by the court. The reliance upon the certificate of occupancy as indicating substantial performance was entirely appropriate, despite the fact that two minor items were still to be performed, installing two electric plates and building a railing for the front steps.

The remaining claims, which relate to the amounts allowed to the plaintiffs for extras and to the defendants for defective work and for delay, raise only the question of whether the discretion of the trier was abused in the light of the evidence presented. We cannot retry the case. *Arbour* v. *McCullough*, 186 Conn. 280, 286, 440 A.2d 980 (1982); *Kalleher* v. *Orr*, 183 Conn. 125, 128, 438 A.2d 843 (1981). We have reviewed the evidence relating to the various items involved and conclude that the decision of the trial court with respect to each of them was not "clearly erroneous." Practice Book § 3060D.

There is error in the amount of the judgment only with respect to those items in which error has been confessed by the parties as set forth in this opinion. The judgment is set aside and the case is remanded to the trial court with direction to correct the amount of damages awarded accordingly.

In this opinion the other judges concurred.