GAETON SIMONETTI *v.* PETER H. LOVERMI ET AL.

LOVERMI BUILDING COMPANY *v.* CLINTONVILLE
MANOR REALTY ET AL.
(5818)

DALY, BIELUCH and FOTI, Js.

Argued February 17—decision released August 30, 1988

*Thomas V. Battaglia, Jr.,* for the appellants (named defendant et al. in the second case).

*Harold B. Yudkin,* for the appellee (plaintiff in the second case).

BIELUCH, J. This appeal by Gaeton Simonetti and his wife, Elizabeth P. Simonetti, and Clintonville Manor

Realty, which they own in partnership, contests an award of attorney's fees in a breach of contract action where the party claiming attorney's fees under the contract was found to have breached the contract, and the award of interest to that party. The Simonettis and Clintonville Manor Realty claim that the trial court erred in awarding attorney's fees to the Lovermi Building Company after the trial court found that the company had breached the contract between the parties. They also claim that the court abused its discretion in awarding prejudgment interest on the damages awarded to the company. We find error in part.[1]

The following facts are relevant to the issues on appeal. These consolidated cases arose out of a contract for masonry work in the construction of a convalescent home in North Haven. Gaeton Simonetti was part owner of the land on which the home was being built, and his construction company, Simonetti Construction Company, was the general contractor of the project. The Lovermi Building Company, a corporation of which Peter H. Lovermi was president, was the masonry subcontractor.

The contract between Gaeton Simonetti and the Lovermi Building Company was signed on May 25, 1982.[2] The company agreed to furnish labor and materials on the project for the sum of $148,500. The work began shortly after the contract was signed, and progressed to near completion. On October 8, 1982, however, the hostile personal relationship between Gaeton Simonetti and Peter H. Lovermi culminated in

---

[1] The Simonettis and Clintonville Manor Realty also claim that if the award of attorney's fees was appropriate, the court erred in its calculation of the amount of the fees. Because this claim was contingent upon our finding that the award of attorney's fees was proper, it will not be addressed.

[2] The trial court specifically found that Simonetti and the company entered into the contract even though Peter H. Lovermi appeared to sign the agreement individually, and not as an officer of the corporation.

an incident at the work site that led to Lovermi's being ordered off the site by Simonetti. The court found that Lovermi's conduct terminated the contract. Shortly after this incident, two actions were initiated.

In the first action, *Simonetti v. Lovermi,* Superior Court, judicial district of Ansonia-Milford, Docket No. 12135 (October 13, 1982), Simonetti claimed damage by the company's stoppage of work. The second action *Lovermi Building Co. v. Clintonville Manor Realty,* Superior Court, judicial district of New Haven, Docket No. 211308 (October 27, 1982), sought foreclosure of a mechanic's lien.[3] A bond was substituted for the lien, and the claim was expanded to include not only a claim for the work completed under the contract, but also for alleged extras provided as well. This second action was subsequently transferred to the court at Milford, where the two actions were consolidated for trial.

The court rendered judgment on three of the four counts of the amended complaint in the first action in favor of Simonetti, the plaintiff in that case.[4] Simonetti was awarded damages of $10,218.41, with interest from January 1, 1983. This judgment was subsequently opened on motion by Simonetti, and the award of damages was increased to $16,013.92, with interest from the same date. In the second action, the court rendered judgment for the plaintiff, Lovermi Building Company, and awarded it $35,429.22, with interest from January 1, 1983.[5] This figure included the sum of $7085.84

[3] The defendants in this action were Clintonville Manor Realty, Gaeton Simonetti, Elizabeth P. Simonetti and Cascais Brothers Concrete Company, a concrete masonry subcontractor for Simonetti Construction Company.

[4] No evidence was offered of any damages concerning the claim set out in the fourth count of the amended complaint, and judgment for the defendant was rendered on that count.

[5] Pursuant to a stipulation of the parties, Lovermi Building Company was ordered by the court to pay Cascais Brothers Concrete Company, a subcontractor, the amount of $1174.50, plus interest from the date of the judgment.

awarded for attorney's fees. The defendants in the second action have appealed from the judgment rendered in favor of the Lovermi Building Company.

The defendants first claim that the trial court erred in awarding attorney's fees to the plaintiff, Lovermi Building Company, after the court had found that the company breached its contract with Gaeton Simonetti. We agree.

The court awarded attorney's fees to the plaintiff under the provision of the contract between the parties which states: "If account is turned over to an attorney for collection, customer agrees to pay a reasonable attorney's fee, computed on the unpaid balance." The court found that a fee of 25 percent of the amount due to the plaintiff would be reasonable, and awarded a fee of $7085.84, a sum computed on the balance of $28,343.38 it found due for work and materials under the contract.

The plaintiff was entitled to recover for the work it had substantially performed under its contract. See *Aetna Casualty & Surety Co.* v. *Murphy,* 206 Conn. 409, 413–14, 538 A.2d 219 (1988); *Vincenzi* v. *Cerro,* 186 Conn. 612, 615–16, 442 A.2d 1352 (1982). Where a contractor is allowed recovery for the value of services rendered, " '[s]uch recovery is allowed, not upon the original contract, for that has been breached, but in quasi-contract upon the theory that if such recovery were not allowed the other party would be unjustly enriched at the expense of the contractor.' " *Automobile Ins. Co.* v. *Model Family Laundries, Inc.,* 133 Conn. 433, 439, 52 A.2d 137 (1947), quoting *Kelley* v. *Hance,* 108 Conn. 186, 188, 142 A. 683 (1928). See *Morello* v. *J. H. Hogan, Inc.,* 1 Conn. App. 150, 152, 468 A.2d 1248 (1984).

The right of the plaintiff Lovermi Building Company to recover for the work it had performed was based

in equity, not upon the original contract between the parties. The trial court erred when it based the award of attorney's fees on a provision of the contract which had been breached and was no longer in force. Attorney's fees are recoverable only when a contract provides for such recovery or when it is allowed by statute. *Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 280, 297, 472 A.2d 306 (1984); *Peterson* v. *Norwalk,* 152 Conn. 77, 80, 203 A.2d 294 (1964); *Bross Line Construction Corporation* v. *Ryan Crane Service Corporation,* 32 Conn. Sup. 181, 182, 345 A.2d 594 (1975). The plaintiff could not recover attorney's fees under the breached contract, and no such claim for statutory fees was involved in this case.

We also note that the plaintiff's own breach precipitated the litigation in which the legal fees at issue were awarded. The plaintiff, because of its substantial performance, was entitled to recover the value of the materials and services supplied under the breached contract. It would be inequitable, however, to allow the party in default under the contract to recover attorney's fees after its own wilful breach led to the litigation for which the fees were incurred.

We approve the well reasoned decision of the Court of Appeals of Louisiana in *U-Finish Homes, Inc.* v. *Lanzl,* 202 So. 2d 339 (La. App. 1st Cir. 1967). This was an action to recover under a mortgage note that provided for the payment of attorney's fees. The note and mortgage secured payment due the plaintiff contractor under a contract to build three homes for the defendant. In a suit to collect on the mortgage note, the court found that the plaintiff had breached the underlying contract. After allowing the plaintiff to recover the amounts due under the note less the damages caused to the defendants, the court found that the plaintiff's breach of the contract was "sufficient to vitiate plaintiff's demand for 'reasonable attorney's fee.'"

Id., 344. See also *National Roofing & Siding* v. *Gulf Coast Oil Co.,* 422 So. 2d 204 (La. App. 4th Cir. 1982).

The defendants next claim that the trial court erred in awarding the plaintiff prejudgment interest on the damages awarded. " 'Whether interest is a proper element of damages is primarily an equitable determination and is a matter which lies within the discretion of the trial court.' *State* v. *Stengel,* 192 Conn. 484, 487, 472 A.2d 350 (1984); *Perl* v. *Case,* 3 Conn. App. 111, 116, 485 A.2d 1331 (1985)." *Guaranty Bank & Trust Co.* v. *Dowling,* 4 Conn. App. 376, 386, 494 A.2d 1216 (1985). Interest may be awarded at the statutory rate from the time the money becomes due. *Marcus* v. *Marcus,* 175 Conn. 138, 146, 394 A.2d 727 (1978); *Neiditz* v. *Morton S. Fine & Associates, Inc.,* 2 Conn. App. 322, 329–30, 479 A.2d 249 (1984), rev'd in part, 199 Conn. 683, 508 A.2d 438 (1986). The court's decision to award interest is subject to reversal only upon a showing of an abuse of discretion. *Perl* v. *Case,* supra, 116; *Vernon Foodliner, Inc.* v. *Central Mutual Ins. Co.,* 1 Conn. App. 595, 600, 474 A.2d 468 (1984).

The court found that the plaintiff was due $22,491.08 for the work it had substantially performed on the construction project, and that it was also entitled to the sum of $5852.30 for extras furnished in addition to the work specified under the contract, for a total award of damages in the amount of $28,343.38. The court also allowed the plaintiff attorney's fees in the amount of $7085.84. The court added the award of attorney's fees to the award of damages for a total judgment of $35,429.22. To this final judgment amount, the court added statutory interest from January 1, 1983, thereby compounding its initial error in awarding attorney's fees to the plaintiff.

Where it is undisputed that some amount was due and owing, and nothing in the record indicates that

there was an abuse of discretion, it is not error to award interest. *Perl* v. *Case,* supra. " 'The real question in each case is whether the detention of the money is or is not wrongful under the circumstance.' *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 275, 287 A.2d 374 (1971). The question is 'whether the interests of justice require the allowance of interest as damages for the loss of use of money.' *Bertozzi* v. *McCarthy,* 164 Conn. 463, 466–67, 323 A.2d 553 (1973) . . . ." *Sperry* v. *Moler,* 3 Conn. App. 692, 694–95, 491 A.2d 1115 (1985). The court found that the plaintiff was entitled to an award of damages for the work it had performed, and for the extras it had furnished under the breached contract. The court's award of interest calculated on this award of damages, exclusive of attorney's fees, was not erroneous.

Although our finding of error in the court's award of attorney's fees to the plaintiff makes consideration of the question of prejudgment interest on this award unnecessary, we note that this was erroneous in any event. Interest is awarded at the maturity of a debt from the time the money becomes due. *Marcus* v. *Marcus,* supra; *Neiditz* v. *Morton S. Fine & Associates, Inc.,* supra. Even if the attorney's fees were properly awarded, the debt on the award would become due at the time judgment was rendered. Interest on such award could begin to accrue only from that date for any subsequent postjudgment collection of the amount.

There is error in part, the judgment is set aside and the case is remanded to the trial court with direction to render judgment for the plaintiff in the amount of $28,343.38, with interest from January 1, 1983.

In this opinion the other judges concurred.