[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In July of 1989, the plaintiff, T B Builders, Inc., entered into discussions with the defendants Gevargis and Loros Yousefzadeh (hereinafter the "defendants") with regard to the plaintiff doing the remodeling of the defendants' restaurant, Astro's II, in Manchester. As a result of these discussions, the plaintiff submitted a written estimate to the defendants in the amount of $11,225.
The plaintiff began work on the restaurant in accordance with the estimate. As work progressed the defendants requested the plaintiff to perform work in addition to the work in the estimate. The plaintiff performed the additional tasks and included them in its final bill. When the work was complete the plaintiff presented a final bill to the defendants in the amount of $22,056.37, over $11,000.00 more than the original estimate. CT Page 5241
The plaintiff is seeking $16,792.97 plus interest as the remaining unpaid balance for the work completed. The defendants are not disputing the fact that there was a contract for $11,225.00, but claim that some of the work billed as "extras" should be included in the original agreement. The defendants do not dispute that the extra work was performed but dispute the value.
The defendants also have a counterclaim against the plaintiff arguing that they had to engage another contractor to repair some work which the defendants claim the plaintiff negligently performed. The defendants argue the cost for this was $5,816.92. The defendants also argue by way of the counterclaim that the plaintiff failed to complete the work for which they were hired and that it cost the defendants an additional $3,748.53 to have the work completed. The defendants are also claiming damages in an unspecified amount for lost profits and one month's rent because they claim that the acts of the plaintiff forced the defendants to open a month later than scheduled.
FACTUAL FINDINGS
Based on the evidence, the court makes the following findings:
1. The written estimate and the discussion of the parties formed the basis for the contract between the parties.
2. The terms of the contract are as follows:
a. Paneling around booths;
 b. Select pine with routered [sic] edges around all booths and front windows;
c. Installation of bathroom and kitchen doors;
 d. Build a work table in the kitchen with steel legs;
 e. Install brick facing on the front by the register;
f. Panel the bathroom and inside the kitchen; and
 g. No specific time was given in which the contract was to be completed. CT Page 5242
3. The cost to complete the entire contract was $11,225.00, including all labor and materials.
4. As worked progressed the plaintiff and defendants verbally agreed that the plaintiff would perform additional work. This additional work consisted of the following items:
 a. Installation of an emergency door handle at a total cost of $55.00;
 b. Construction of an extra room in the back of the restaurant at a total cost of $200.00; and
 c. Construction and installation of 3 counter tops and 1 base unit at a total cost of $2,400.00.
Total amount for extras = $2,655.00.
5. In addition to those items listed above the plaintiff also provided the following materials and labor which were not contemplated by the original contract price:
 a. Installation of glassboard in the kitchen hall and trim at a total cost of $595.58; and
 b. Installation of glassboard in the back kitchen at a cost of $1,805.70.
Total amount for additional items = $2,401.28.
6. The remaining items found in Plaintiff's Exhibit B, labeled as "cost differences pertaining to original contract" and "extra items" were included in the original contract and therefore no recovery can be had by the plaintiff for these items.
7. The defendants have made payments in the amount of $6,250.
8. The defendants are entitled to a credit in the amount of $853.60.
9. The defendants expended $5,816.92 to repair work that the plaintiff negligently performed.
10. The defendants have failed to prove that they expended the $3,748.53 for work that the plaintiff failed to complete.
11. The defendants have failed to prove that the plaintiff's actions caused a delay in the opening of the restaurant. CT Page 5243
RULINGS OF LAW
"`As a general rule, contract damages are awarded to place the injured party in the same position as he would have been in had the contract been fully performed. There is no unbending rule as to the evidence by which such compensation is to be determined and that damages may be based on `reasonable and probable estimates.' [I]t is equally clear that damages must be based on evidence. `In the ordinary contract action the court determines the just damages from evidence offered.' In an action at law based upon contract the court `must have evidence by which it can calculate the damages, which is not merely subjective or speculative, but which allows for some objective ascertainment of the amount.' Where recovery is sought to be measured by the value of the services rendered, the court must have evidence to which it can apply an evaluation of a reasonable amount of damages. This claim also goes to the weight of the evidence presented and the credibility of the witnesses who testified at trial." Fuessenich v. DiNardo, 195 Conn. 144, 153-54, 487 A.2d 514
(1985) (Citations omitted).
The contract price was $11,225.00. The cost of the extra items are $2,655.00 and the cost of the additional items are $2,401.28. Therefore the total amount due the plaintiff for the contract price and work performed above and beyond the contract is $16,281.28. The defendants have already paid the plaintiff $6,250 and are also entitled to a credit in the amount of $853.60. The defendants are further entitled to a credit for the work negligently performed by the plaintiff in the amount of $5,816.92. Cf. Morello v. J. H. Hogan. Inc.,1 Conn. App. 150, 468 A.2d 1248 (1984).
The plaintiff further seeks prejudgment interest from September 19, 1989, to the date judgment enters. "`The determination of whether or not interest is to be recognized as a proper element of damage, is one to be made in view of the demands of justice rather than through the application of any arbitrary rule.'" Bertozzi v. McCarthy, 164 Conn. 463,466, 323 A.2d 553 (1973). The court does not feel that justice demands interest be awarded in this case as the plaintiff was equally at fault as the defendant. Accordingly, the court denies the plaintiff's request for prejudgment interest.
The defendants also seek one month's rent and lost revenues because they claim that the actions of the plaintiff delayed the opening of the restaurant. The defendants have failed to establish that the contract was to be completed by a date certain and have failed to provide any competent CT Page 5244 evidence with regard to lost revenue. Therefore, the defendants are not entitled to the one month's rent and lost revenues. Cf. Burr v. Lichtenheim, 190 Conn. 351,460 A.2d 1290 (1983).
In conclusion judgment shall enter for the plaintiff on the complaint in the amount of $9,177.68 (contract price less payment by plaintiff and credit). Judgment shall enter for the defendants on Count One of the counterclaim in the amount of $5,816.92. Judgment shall enter for the plaintiff on Count Two of the counterclaim. The net effect of the judgment is $3,360.76 for the plaintiff.
HON. PHILIP DUNN SUPERIOR COURT JUDGE