[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Lawrence P. Buono, seeks damages and/or the foreclosure of a mechanic's lien on the home owned by defendants, Mario Petroazzuoli and Maria Petrazzuoli, on which he built an addition. The plaintiff claims that the defendants did not allow him to complete the project and that he is owed $19,462.00 for work performed before he was barred from the work site. The defendants have filed two special defenses. In their first special defense they claim that the plaintiff's work was not performed in accordance with the written agreement and that much of the work was completed in an unskillful and unworkmanlike manner.
In their second special defense, the defendants invoke20-429 C.G.S. and take the position that the plaintiff cannot recover damages or other remedies because a) the written contract did not contain a notice of cancellation rights, b) the contractor was not registered in accordance with 20-429 C.G.S. and c) the contract did not contain a starting date and completion date.
In a cross claim, the defendants allege that the plaintiff's performance was so deficient that they had to hire others to correct and/or complete the project, and they seek money damages.
THE HOME IMPROVEMENT ACT DEFENSE
The court finds that the written contract for the building of an addition to the defendants' home at 34 Cortina Road, East Haven, was signed by all parties on August 6, 1988. The contract requires the builder to install a foundation and construct an addition "in accordance to plans submitted to contractor." The CT Page 956 defendants purchased these plans from an architect, with no involvement by the builder. The architect's drawings and specifications were incorporated into the contract, which further provided that "[a]ll materials and work will meet city and building codes as contracted." The plans as a whole were not presented into evidence by any party, with the exception of certain excerpts filed in connection with an application for a building permit.
The contract price for the work set forth was $64,000.00, to be paid in four payments of $16,000.00 upon completion of various stages of the work. The contract provides for extra charges for "additional excavating" if the builder encountered problems such as ledge or a high water table upon excavating, and dollar amounts are set forth as the allowances for paint, tile, and light fixtures, with amounts beyond the allowances to be paid by the homeowners.
The defendants did not establish that the plaintiff was not a registered home improvement contractor.
The contract, on its face, contains a starting date of August 8, 1988 and a completion date of November 5, 1988. It contains no notice of the right to cancel. The defendants claim that this deficiency renders the contract unenforceable pursuant to 20-429(a) C.G.S. The bar to enforcement invoked by the defendants was enacted in P.A. 88-269, Sec. 9, which was approved on June 2, 1988. That public act contains no specific effective date. Therefore by operation of 2-32 C.G.S., it took effect on October 1, 1988, and the requirement of a cancellation notice is inapplicable to a contract entered into on August 6, 1988.
The defendants note that a motion to strike their second special defense was denied by another judge of this court. That adjudication was not accompanied by any memorandum of decision, and no legal reasoning appears in the file regarding the denial of the motion. Under the circumstances, this court finds it appropriate to depart from that interlocutory ruling. State v. Almeda, 211 Conn. 441, 453 (1989); Breen v. Phelps, 186 Conn. 86
(1982). The requirements of the Home Improvement Act invoked by the defendants are inapplicable to the contract at issue, which was signed before the effective date of the enactment.
THE PLAINTIFF'S CLAIM CT Page 957
The relationship between the plaintiff and the defendants became a difficult one as the construction project proceeded. Mario Petrazzuoli, who was home all day, closely monitored each of the plaintiff's activities and frequently found fault. Where his architect's plans failed to provide detail, he expected the builder to supply additional features at no additional cost, notably in the case of the driveway. The plans called for a double garage beneath the addition. As a condition of paying a quarterly payment, the homeowner required the builder to excavate the driveway and move the earth to another part of his property for possible sale. The contract states "driveway not contracted to Carpentry Service."
The homeowner changed some materials, changed the size of windows, and rejected the shower stall the builder ordered without recognizing that late changes of detail must delay the work, and that added features were expenses that had not been the basis of the contract price. The builder was in the position of needing to complete various phases in order to receive the money necessary to pay his subcontractors and to pay for materials, while being subject to changes and objections that impaired his ability to complete each phase. Instead of being able to complete the addition by November 1988, the builder was still working on the premises in April 1989, even though he had not received any payment since December 1988. The transaction reached an impasse in April 1989, at which time the homeowners were dissatisfied and reluctant to pay the last installment and the builder was reluctant to keep working when full payment was unlikely.
Mr. Petrazzuoli indicated to his architect that he wished to fire the plaintiff and hire someone else to complete the project, and the transaction broke down. The court finds that although the defendants caused their attorney to send letters accusing the builder of breach, the defendants, by their conduct, failed to permit the builder to complete the contracted-for work and set a standard of perfect performance that was tantamount to refusing to allow completion. In such a situation, the builder is entitled to recover the value of the work performed to the point he is precluded from completion. Simonetti v. Lovermi, 15 Conn. App. 722,725 (1988).
The court finds that the following items required by the contract were not completed by the plaintiff CT Page 958
1. venting furnace $400.00
2. connect fuel hose 180.00
 3. punch list of repair of nail holes and clean-up 200.00
The final payment installment, minus the cost of completion of these items, would be $15,220.00. (Cost of completion has been extrapolated from bills for work by subsequent builders. Since these are not itemized, the court has had to make inferences as to the amount attributable to these items, based on the witnesses' description of the work.)
The plaintiff is also entitled to recover for the following items that were either specifically identified as "extra" in the contract or were extra work performed at the insistence of the homeowners as a condition to payment of the installments due. Though the Supreme Court held in Caulkins v. Petrillo, 200 Conn. 713
(1986) that agreements for extras should be reduced to writing, it recognized in Habetz v. Condon, 224 Conn. 231 (1992) that a contracting party who acts in bad faith is not entitled to the bar of 20-429 as to extra items he has specifically required. The court finds that the conditioning of contract payments on the performance of extra work for which no payment is made constitutes bad faith. The plaintiff is entitled to recover for:
 1. excavation of a driveway $1,000.00 2. provision of a larger boiler 371.00 3. creation of a room under the stairs 350.00 4. removal of ledge in excavating 375.00 5. excess cost of electrical fixtures 578.00 6. cost of replacing insulation misspecified by architect 500.00 ---------- $ 3,174.00
The plaintiff testified that he performed other extra work, and incurred other extra charges. however, he presented no evidence from which the court is able to arrive at the cost of such items, and he has therefore failed to discharge his burden of proof as to these claimed damages. CT Page 959
The court finds that the plaintiff is due $18,394.00, that is, $15,220.00 plus $3,174.00.
THE CROSS CLAIM
After Mr. Petrazzuoli caused the plaintiff to be unable to complete the job he had contracted to do, he hired a succession of other workmen to perform work at his property. In addition to work related to completion of the job described in the contract with the plaintiff, some of the work performed after April 1989 constituted repairs of defective workmanship. Much of the work done after April 1989, however, constituted enhancements that were not part of the contract with the plaintiff and changes of materials or details that were afterthoughts of the homeowners. The court finds that the defendants have proven only the following items to have been expenses incurred because of defective workmanship or failure to complete work in accordance with the contract and specifications. (The court notes that the full set of plans and specifications, though marked for identification, were never moved into evidence as a full exhibit, and the court therefore draws an inference that they would not support the defendants' claims that the architect's specifications required the particular work or materials added by subsequent workmen over a period of almost a year).
1. bidet improperly plumbed — cost to correct and retile $ 460.00 2. hole in fiberglass shower — cost to repair 100.00 3. correct installation of shower to cover facing with sheetrock and paint area 600.00 4. repair defective door frames, garage trim, provide support for steel beam in garage 2,000.00 ---------- $ 3,160.00
The defendants proved that the retaining wall installed by the plaintiff was shoddily completed but provided the court with no basis for any cost to repair it or diminished value. Similarly, they proved that the plaintiff had failed to provide a shelf to support eventual brick facing but did not prove any amount of damages from this defect.
The defendants claim that they spent $1,500.00 to correct the pitch in the garage floor, however, the court finds that this defect was the product of Mr. Petrazzuoli's insistence, after the CT Page 960 concrete had been ordered and was enroute to the site, on putting extra material at the sills immediately under the doors, with the result that the pitch was adversely affected.
None of the builders who performed work at the premises after April 1989 was shown the plans that were incorporated into the plaintiff's contract, and, except for corrections of poorly installed items, none was able to testify whether the work they performed was required by those specifications or whether the new work was simply enhancements over and beyond the scope of the work defined by the contract and specifications.
The defendants claim that the tile in the bathroom and entry hall developed cracks, however, they did not present any evidence that the plaintiff deviated from the specifications provided by their architect. While they presented copious photographs of other defects and details, the absence of such evidence as to this claimed defect and the fact that they chose a different color upon replacing the tiles leads the court to the conclusion that they have not discharged their burden of proving that the tile was defectively installed.
The defendants described and/or presented photographs of other defective work but failed to establish particular expenses incurred in rectifying the defects other than those set forth above.
The defendants have proven some defects and the cost to repair those defects to the extent of $3,160.00. They further seek damages for the inconvenience occasioned by delay in completion. Since some of the delay before April 1989 was caused by the defendants' conduct and since much of the work performed after the plaintiff left the job was beyond the scope of the original project, the court is unable to conclude that the delay was caused by the plaintiff rather than by other causes.
CONCLUSION
Judgment shall enter in favor of the plaintiff against the defendants in the amount of $18,394.00. As to the cross claim, judgment shall enter in favor of the defendants against the plaintiff in the amount of $3,160.00. The plaintiff shall recover his costs.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT CT Page 961