[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
Defendant has moved to strike the second count of the plaintiff's amended complaint on the grounds that plaintiff has failed to allege a proper factual predicate for its bad faith claim and, alternately, that a duty of good faith and fair dealing does not arise in quasi-contract.
The case arises from an insurer's refusal to pay an accident claim. Plaintiff, Manuel Mitchell, had contracted with defendant, Metropolitan Property and Casualty Insurance Company (Metropolitan), to insure a 1986 Peugeot owned by him. The insurance contract was in force for a period of time. On or about CT Page 12011 August 12, 1996, plaintiff surrendered title to the 1986 Peugeot when he traded the car to a dealer in order to purchase from that dealer a 1990 Ford Escort. Plaintiff did not notify Metropolitan that the Escort should be added to his policy, and he did not notify Metropolitan that he no longer owned the Peugeot. Instead, plaintiff Mitchell continued premium payments to Metropolitan through January, 1997.
According to count two of the revised complaint, the plaintiff was operating his Ford Escort on December 8, 1996 when it was involved in an accident. He submitted a claim for damages to his vehicle as well as for uninsured motorist benefits. Metropolitan refused payment. The plaintiff seeks money damages for physical damages to his Escort, as well as for uninsured motorist coverage. The first count alleges breach of contract and is not an issue in the instant motion.
The plaintiff alleges in count two that Metropolitan has a "quasi-contractual responsibility of good faith and fair dealing" to him, with respect to the Escort. According to Mitchell, Metropolitan is obligated to compensate him for damages he sustained while operating an Escort, because Metropolitan was in receipt of premiums for the no longer owned Peugeot.
Mitchell further alleges in count two that the defendant, by accepting payments, owes insurance benefits in proportion to payments that might otherwise be owed if the vehicle insured were the Ford Escort. The plaintiff also alleges that Metropolitan owes uninsured motorist benefits for having accepted premiums from him, stating that the benefit was largely unchanged contrasted to the benefit that he would have received while operating the Ford Escort.
In paragraph 13 of his revised complaint, Mitchell states that he has declined to accept an offer by Metropolitan for the reimbursement of premiums paid by him to the defendant.
In support of his claim for accident damages under quasi-contractual responsibility of good faith and fair dealing on the part of the defendant, Mitchell cites Simonetti v. Lovermi,15 Conn. App. 722 (1988). In Simonetti a construction contract was breached by the defendant, and the plaintiff masonry contractor was allowed recovery for the value of services rendered for substantial performance of the construction project. Id. at 725. Plaintiff Mitchell's other authorities, discussed below, were CT Page 12012 string cited in Simonetti at a point where the court determined that the appropriate remedy for such substantial performance was found in quasi-contract, under a theory of unjust enrichment. Id.
In the case of Vincenzi v. Cero, 186 Conn. 612, 442 A.2d 1352
(1982), the court found substantial performance in allowing a builder to recover a balance due under a contract to construct a three-family house. In the case of Morello v. J.H. Hogan,1 Conn. App. 150, 468 A.2d 1248 (1984), a subcontractor brought an action against a general contractor in quantum meruit for the value of work performed. In finding that the subcontractor wrongfully abandoned the job, the court ruled that the general contractor defendant had no option but to retain the benefits of the work performed, and that the general contractor would not be deemed to have accepted the work and to have impliedly promised to pay. Id. at 151. In Automobile Ins. Co. v. Model FamilyLaundries, Inc., 133 Conn. 433, 439, 52 A.2d 137 (1982), a storage company's assignee was allowed to recover the cost of insuring garments which were destroyed in a fire. However, contracted storage charges that were due after the fire were not recoverable because full performance under the agreement by the storage company, i.e., the return of the garments, became impossible when the garments were destroyed in the fire. In AetnaCasualty Surety Company v. Murphy, 206 Conn. 409, 538 A.2d 219, (1988), the court awarded summary judgment to an insurance company plaintiff after the insured had inexcusably and unreasonably delayed in complying with claim filing provisions of an insurance contract.
In citing these cases, Mitchell fails to inform the Court of their relevance to his allegations in count two of the amended complaint against Metropolitan. Plaintiff makes no argument in his Objection or Surreply connecting the doctrine of substantial performance to the allegations in count two. In paragraph 14 of his revised complaint Mitchell admits that the Escort was not insured with the defendant, yet he cites no authority to support his claim that an insurer has responsibility to pay benefits for a vehicle which is not insured. Also, plaintiff's use of authorities fails to establish any connection between an obligation of quasi-contract and the covenant of good faith and fair dealing. Plaintiff fails to provide sufficient facts to establish the defendant's "responsibility" even assuming the existence of such a connection.
Finally, according to the Supreme Court's accepted definition of bad faith, "bad faith is not simply bad judgment or CT Page 12013 negligence, . . . it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . [and] it contemplates a state of mind affirmatively operating with furtive design and ill will." Buckman v. People Express, Inc.,205 Conn. 166, 171 530 A.2d 596 (1987). Factual allegations of improper motivation on the part of the defendant are noticeably absent in the amended complaint. Mitchell merely alleges that Metropolitan issued a denial of coverage because the Escort was not covered by an insurance policy. Plaintiff's allegations do not rise to suggest even bad judgment on the part of the defendant. Thus, count two avers only conclusions that a duty of good faith and fair dealing has been breached and, in so doing, fails to state a cause of action.
"A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. B.O.C. Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). For the foregoing reasons, defendant's motion to strike is granted.
Clarance J. Jones Judge of the Superior Court