[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff; Hartford Restoration Services Inc., sues the defendants, Thomas and Irma Buccino, to foreclose a mechanic's lien levied against the defendants' property, located at 156 and 156A River Road in Willington, and also seek monetary damage for a violation of the Connecticut Unfair Trade Practices Act (CUTPA). The defendants deny the validity of the mechanic's lien and also counterclaim based on breach of contract. On October 4, 2001, the court heard the trial of these matters and makes the following findings of fact and ruling of law.
The defendants own a building complex at 156 and 156A River Road, which property is also known as "The Mill Works." Part of this structure was erected in 1860 and the remainder in 1916. The building has a brick exterior, and, except for a three room apartment occupied by the defendants, it is used for commercial and industrial purposes.
In 1996, Thomas Buccino began searching for a contractor to repair the brick exterior. Buccino obtained proposals from prospective masons, and, after considerable negotiations, on June 19, 1998, entered into an agreement with the plaintiff. This written contract required the plaintiff to rebuild a damaged portion of an exterior wall on the street side of the main building; spot point deteriorated mortar on the outside parapets at roof height; repair and spot point two returns; and spot point on the river side of the main building as low as could be reached from the roof.
The plaintiff substantially completed the repairs sometime before July 3, 1998. On that date Anthony Rafala, president of the corporation, prepared an invoice requesting payment for the work done in accordance with the contract price of $12,600 plus tax for a total purportedly owed by the defendants of $13,356. Rafala had an employee of the plaintiff hand-deliver this invoice to Thomas Buccino. Buccino vehemently disagreed that the work had been completed. Rafala spoke with Buccino who voiced his complaints regarding the work. Rafala regard these complaints as a "punch list" and returned with others to the property on two occasions to rectify the matter. On July 30, 1998, a second invoice requesting payment of the same sum was sent to the defendants. Despite repeated demands for payment since then, the defendants have paid nothing to the plaintiff for this project.
The plaintiff recorded a certificate of mechanic's lien on the Willington land records on October 19, 1998. CT Page 13547
 I
The pivotal factual issue as to the foreclosure count centers on the determination of the last date any work was performed by the plaintiff at the site. A mechanic's lien is invalid unless a certificate containing statutorily prescribed information, is lodged with the town clerk for the town in which the property sits within ninety days after performance of services or the furnishing of supplies has ceased, General Statutes § 49-34. Although the mechanic's lien statute is in derogation of the common law, its provisions ought to be construed liberally to effectuate its remedial purpose, F. B. Mattson Co. v. Tarte, 247 Conn. 234, 238
(1998). However, reasonable compliance with the specific terms of §49-34, including the ninety day time limit, is required, Id. The cessation date is regarded as the day work was substantially completed, Id. If however, the property owner requests that the contractor return to perform more work, including such trivial tasks as clean-up and equipment removal, the cessation date is extended to when that follow-up work is completed, Id., 239.
Conflicting evidence was adduced at trial concerning the cessation date. The burden of proving statutory compliance in a mechanic's lien foreclosure action is on the foreclosing lienor, First Constitution Bankv. Harbor Village Ltd Partnership, 230 Conn. 807, 821 (1994). Therefore, the plaintiff must prove, by a preponderance of the evidence, that its employees or agents continued to work on the property up to July 20, 1998, which is ninety days before the certificate of mechanic's lien was recorded with the town clerk on October 19, 1998. The court finds that the plaintiff has failed to satisfy this burden.
The plaintiff has retained no written records of the days its workmen were at the defendants' property. The plaintiff's employees themselves have no personal records of the days they worked there. The plaintiff has offered no other documents, such as purchase orders, to corroborate a cessation date which falls within the ninety day period. No witness could recall from memory the last date work was performed on site.
Rafala testified that the work was substantially completed by July 3, 1998, when the invoice declaring that to be the case was prepared by him. Buccino's refusal to accept the invoice on that date led to two subsequent visits to the site to address Buccino's grievances. Rafala stated that those two occasions were within a couple of weeks of July 3, 1998. His testimony on this point is contradicted by his deposition testimony in which he indicated that the "punch list" work was completed within a couple of days of July 3, 1998. CT Page 13548
The plaintiff relies on Rafala's October 15, 1998. certificate which avers that the work was completed on July 24, 1998. The court assigns little weight to this statement when considered in light of all the other evidence in the case on this issue. The court remains unpersuaded that the certificate was lodged with the town clerk within ninety days of cessation of work or supplying of materials.
Consequently, the court rules that the mechanic's lien is invalid and decides the foreclosure count in favor of the defendants.
 II
The second count of the complaint reiterates the allegations of the foreclosure count and claims that the refusal to pay the plaintiff for the work performed constitutes a CUTPA violation. General Statutes §42-110b(a) prohibits unfair or deceptive acts "in the conduct of any trade or commerce." In order to prevail on a CUTPA claim, the plaintiff must allege and prove that the offending activity of the defendants was performed in the conduct of some trade or commerce, Muniz v. Kravis,59 Conn. App. 704, 711 (2000); Quimby v. Kimberly Clark Corp.,28 Conn. App. 660, 669 (1992).
"Trade or commerce" is defined by General Statutes § 42-110a(4) to mean "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." The defendants' alleged misconduct is the isolated act of refusing to pay a contract debt arising from the repair of a building they own. This activity falls outside of the statutory definition of trade or commerce. The defendant's neither distributed nor sold nor leased nor advertised any services or property of any kind with respect to their contractual relationship with the plaintiff.
Thus, the court holds that no CUTPA violation occurred.
 III
In their counterclaim, the defendants' allege that the plaintiff breached the contract between the parties by performing the exterior brick repair inadequately and incompletely. The defendants paid nothing to the plaintiff despite the plaintiff's substantial completion of the project. A party cannot recover for breach of a contract unless that party has fully performed its obligations under that contract, DiBella v.Widlitz, 207 Conn. 194, 199 (1988); Ravitch v. Stollman Poultry Farms,Inc., 165 Conn. 135, 149 (1973); Automobile Ins. Co. v. Model FamilyCT Page 13549Laundries, Inc., 133 Conn. 433, 437 (1947).
Because the defendants never performed any part of the contract, they cannot recover against the plaintiff for an alleged breach of that contract. The court rules for the plaintiff on the defendants' counterclaim.
In sum, the court finds for the defendants on both counts of the complaint and for the plaintiff on the counterclaim.
Sferrazza, J.