L. Barron Hill, J.
In this action plaintiff seeks: (1) specific performance of an agreement to sell certain real property as set forth in a separation agreement between plaintiff and defendant, (2) to recover certain alimony payments made by plaintiff to defendant and (3) to ascertain plaintiff’s rights and interests in certain real property. Defendant counter? claims: (a) to reform the separation agreement and (b) to recover certain arrears in alimony under the separation agreement.
Plaintiff’s second and third causes of action and defendant’s first counterclaim are dismissed.
Plaintiff husband and defendant wife entered into a separation agreement dated April 16, 1948 which provided inter alia: “ Second : That the house and lot now standing in the name of the wife shall be sold as soon as practical after June 1948, and the proceeds of the sale shall be divided equally between the parties hereto.”
At the time of the agreement, the infant daughter, Gladys Jean, was attending a local high school and was expected to graduate in June, 1948. She and the, then, infant son now are both married and live separate and apart from both plaintiff and defendant.
On April 8, 1949, plaintiff obtained a divorce from defendant in the State of Florida. Both have remarried. Defendant has continued to reside in the house mentioned in the agreement since April, 1948, has made no effort to sell the same since June, 1948, and refuses to make any effort to sell the house and divide the proceeds as provided for in the agreement. The defendant has made it clear by her testimony that she has no intention of carrying out that part of the agreement.
Unless there is some legal defense which bars the action, I am convinced that plaintiff is entitled to have the house and lot sold and the proceeds divided evenly between plaintiff and defendant. Any enhancement in value of the property which inures to the benefit of plaintiff cannot be complained of by *473 defendant because of her willful default in carrying out her agreement.
The defendant contends that the agreement for the sale of the house is too vague and indefinite for equity to specifically enforce. Had defendant sold the property after June, 1948, the terms and conditions of the sale would have been binding on plaintiff. This court can carry out the agreement by appointing a Referee to sell the premises at public sale in the same manner as in a mortgage foreclosure action.
The defendant urges three other defenses: (a) Statute of Limitations, (b) res judicata and (e) waiver, abandonment, and estoppel, by virtue of an executory accord.
As to the defense that the action was not commenced within six years of the date it accrued, I find that the defendant did not finally refuse to sell the premises until on or about August, 1952 and that this action is timely commenced.
The defense of res judicata stems from an action commenced in May, 1954 wherein plaintiff sought to impress a trust on the real property on the theory that he owned the entire property and that defendant held title as trustee. The issues in that action are different than in the present one. In her excellent trial memorandum, defendant has devoted no space to arguing this defense. It requires no lengthy discussion on the court’s part to show its inapplicability. The defense is dismissed.
The third defense is waiver, abandonment, and estoppel because of what is claimed to be an executory accord. It is defendant’s theory that at the time of the separation there was in dispute between plaintiff and defendant ownership of the house and lot which was in the record name of the wife defendant. It is, then, claimed that this dispute was settled by the provision in the separation agreement for the sale of the premises after June, 1948 and the division of the proceeds. Therefore, defendant asserts that when plaintiff, in 1954, brought suit claiming title to the entire premises (the underlying claim), he, forever, abandoned his right to sue on the executory accord (the provision in the separation agreement) (Real Property Law, § 280; Elliott v. Prockter Productions, 282 App. Div. 761; Pfleiderer v. De Veaux, 148 N. Y. S. 2d 836).
I do not believe, however, that this principle of law applies to the facts of this case. There has been no showing that the provision in the separation agreement for the sale of the house was provided solely to satisfy the husband’s immediate claim to the entire premises. It appears that such provision was but a part of an entire settlement of all the financial and *474 property problems of the couple at the time of the separation. There is no way that such provision can be divorced or separated from the entire agreement and singled out as the settlement of a specific claim. The separation agreement provides, in part :
‘ Whereas the only property and assets belonging to the parties hereto are a 1935 Pontiac automobile, certain mechanics and carpentry tools, the household effects contained in the house and the house and lot located at 90 Cleveland Avenue, Village of Rockville Centre, County of Nassau, all of which were acquired by purchase by the parties hereto solely out of the earnings of the husband; and # # #
“Now, therefore, in consideration of the premises and in consideration of the mutual covenants and promises herein exchanged it is agreed as follows:
‘ ‘ First : That the husband renounces, quitclaims and conveys any right or title to any of the household effects to the wife * * * and the wife renounces, quitclaims and conveys any right or title to the said household effects so excepted and to the 1935 Pontiac and the mechanics and carpentry tools herein-above mentioned to the husband.”
Then follow the provision for the sale of the house previously quoted, a provision for the payment of debts by the husband, a provision for the payment of weekly alimony, a provision requiring the husband to pay repairs to the house and the wife to pay the mortgage and also a provision whereby the parties waive any interest in the future earnings of the other party other than specified.
There is, clearly, nothing in the agreement to indicate that at the time it was made, plaintiff claimed title to the entire premises — indeed the contrary is indicated — and that the provision for sale was solely in settlement of that particular claim. It is apparent, therefore, that this affirmative defense must likewise be dismissed.
Accordingly, the plaintiff is entitled to judgment on his first cause of action. If the parties cannot agree on the sale of the premises within 30 days of the service of a copy of the judgment herein with notice of entry, the judgment shall provide in the alternative for public sale of the premises by a Referee appointed by the court. The parties, of course, may bid at the sale.
Defendant breached the separation agreement prior to the time when defendant discontinued alimony payments under the agreement. It follows, therefore, that her second counterclaim *475 must be dismissed (Duryea v. Bliven, 122 N. Y. 567; Muth v. Wuest, 76 App. Div. 332; Mackay v. Mackay, 205 Misc. 470).
Settle judgment in accordance with the foregoing which constitutes the decision of this court in conformity with the provisions of the Civil Practice Act.