Henry Epstein, J.
Plaintiff and defendant were once married. There is one issue of said marriage Bruce Bobinson II, age 10 years. Plaintiff has two daughters by a prior marriage, ages now 17 and 15 years. They now reside with plaintiff and are not issues herein. Pending an action for absolute divorce against this plaintiff by defendant in this State, a separation agreement was effected, dated April 17,1956. The provisions of this agreement were to survive any subsequent decree of divorce or separation. Except as partially modified by Mr. Justice Chimera with the consent of the parties in the Municipal Court of New York City on March 13, 1957, the separation agreement still governs. Plaintiff husband obligated himself to pay to his wife for the support of their son, Bruce II, the sum of $2,700 a year and to defendant wife $1,200 a year until she remarries. In addition husband agreed to pay all medical and dental expenses; to pay premiums on the life insurance policies of which his wife and children were the respective beneficiaries and to deliver said policies to his wife; to vest in the wife full title to the family home in Lewisboro, Westchester County, New York. The wife had the right to sell the home and retain the entire proceeds, provided, however, in event of her remarriage or sale thereafter, the proceeds or fair value of such property were to be equally divided between them.
The present litigation arises out of this last provision. Plaintiff husband claims the equity on the defendant wife’s remarriage on April 4, 1957 was in excess of $12,000 and seeks *553 recovery of $6,000 with interest from said date. Plaintiff seeks in this action to separate the provision regarding the house from the other provisions of the separation agreement of which he has been in flagrant default. Being unable to agree on a value of the house, plaintiff refused to observe the other obligations of the separation agreement. Defendant wife had meanwhile procured a divorce on April 18, 1956 and had remarried. On August 9, 1957 she offered plaintiff $2,500 for his share of the equity which he refused. Counsel for the wife had returned to plaintiff husband checks which did not conform to the order of the court as agreed in modification of the separation agreement (July 22, 1958). After a trial in the Municipal Court of New York City, defendant herein recovered a judgment against plaintiff (husband) for $3,130, which judgment was entered November 18, 1958. That judgment, based on this plaintiff’s breach of the separation agreement, has not been satisfied and is still outstanding. Nor has plaintiff complied with the other provisions of the separation agreement. Plaintiff admits his nonpayment and noncompliance with the separation agreement.
The home which the wife held was sold in January, 1959 for $17,500, subject to a mortgage at closing of $12,800 and closing expenses of $1,000. The total equity left available was $3,700. Testimony of real estate experts varied on the value of the house. However, the testimony and evidence affirmatively establish that defendant wife had exhausted her own resources, was compelled to dispose of the house at the best available price and that the sale was a bona fide market transaction at a reasonable price. Under the circumstances, there is nothing on which to base the plaintiff’s claim of unfair conduct by defendant, his former wife. Plaintiff cannot avail himself of one provision in the separation agreement while in flagrant default in performing other provisions from the very time of the execution of said agreement. (Restatement, Contracts, § 267, els. [c], [d]; Riesenberger v. Sullivan, 16 Misc 2d 471; Ewing v. Wightman, 167 N. Y. 107.) Findings and conclusions having been waived, the foregoing constitutes the decision in this case.
Motion to dismiss complaint, with costs granted.