**Ann Loeb, Appellee, v. Paul Gendel, Appellant.
Paul Gendel, Counter-Plaintiff, Appellant, v. Adolph Loeb and Ann Loeb, Counter-Defendants, Appellees.**

**Gen. No. 48,994.**

First District, First Division.

July 1, 1963.

Rehearing denied July 22, 1963.

L. Louis Karton, of Chicago, for defendant-appellant.

Lee A. Freeman, and Schwartz, Cooper, Kolb & Cohen, all of Chicago, for plaintiff-appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Defendant appeals from a decree directing him to establish a trust for the benefit of plaintiff, his former wife. The trial court initially sustained a motion to dismiss the amended complaint, which sought specific performance of a post-divorce oral agreement allegedly made by defendant with plaintiff, prior to the remarriage of plaintiff. The affirmance of that dismissal order by this court (Loeb v. Gendel, 29 Ill App2d 155, 172 NE2d 408 (1961)) was reversed by the Supreme Court in Loeb v. Gendel, 23 Ill2d 502, 179 NE2d 7 (1962), and the cause was remanded to the trial court for a hearing on the merits of plaintiff's complaint.

The decree, entered after a trial on the merits, contains findings, which are hereafter summarized. Plaintiff and defendant have known each other since childhood. They were married in 1935 and lived together as husband and wife for approximately 22 years, during which time three children were born. Defendant, an attorney, has been engaged in the active practice of law since 1939. On May 13, 1957, a

decree for divorce incorporated a property settlement agreement, under which "defendant was to pay plaintiff the sum of $250 per month for child support, and the further sum of $900 per month for ten years and one month, as a lump sum settlement in lieu of alimony, such payments to cease upon plaintiff's remarriage. Title to the family home was to remain in plaintiff and defendant as joint tenants, but if plaintiff remarries the entire fee was to vest in plaintiff."

In March, 1958, plaintiff informed defendant that she had received a proposal of marriage, and that she knew the monthly payments of $900 would cease upon her remarriage. She told defendant that she would not remarry "unless she could save her property settlement or a part thereof." Thereupon, plaintiff and defendant orally agreed "that from and after plaintiff's remarriage defendant would increase child support payments to $433 per month and he would create a trust of which he was trustee and plaintiff was the cestui que trust, into which trust defendant would pay the sum of $100 per week from the date of plaintiff's remarriage until June 13, 1967, at which time the principal of the trust would be paid to plaintiff." Defendant then represented to plaintiff that she did not need independent counsel to advise her, that their oral agreement was binding, and that he would confirm the oral agreement in writing. Plaintiff placed her trust and confidence in defendant and, relying on his representations, did not retain independent counsel and remarried on April 20, 1958, without the oral agreement being confirmed in writing.

The decree further found that pursuant to the oral agreement between the parties, defendant (a) on May 1, 1958, increased the child support payments to $433 a month and continued such payments to September,

1960; and (b) in May, 1958, defendant established a trust account for plaintiff's benefit at the LaSalle National Bank, with an initial deposit of $100 and a subsequent deposit of $200; that defendant had made the representations "for the purpose of intentionally misleading the plaintiff, all in furtherance of defendant's plan or scheme to defraud plaintiff," and breached his agreement in June, 1958, by advising plaintiff he would not perform that part of his agreement which provided for the payment in trust, for plaintiff's benefit, of the sum of $100 a week; also, that the defendant had partially performed his oral agreement with plaintiff prior to his breach thereof. The decree found that the oral contract was proved by the evidence and supported by adequate consideration and should be specifically enforced.

The decree ordered defendant to establish a trust with a corporate trustee, under which the trustee would have the power to invest the trust principal, subject to the joint direction of plaintiff and defendant, with the right of plaintiff and defendant each to withdraw annually one-half of the realized profits from such investments, and "said trust shall terminate on June 13, 1967, at which time the trust principal shall be distributed to plaintiff." Defendant was directed to pay into the trust the sum of $22,128.54, this being the accrued sum due plaintiff from May 1, 1958, plus the sum of $100 per week from the date of the entry of the instant decree until June 13, 1967. Plaintiff was also awarded her costs expended in this action. This is the decree from which defendant appeals.

Defendant's theory is that plaintiff has failed to prove (a) that there was an agreement by defendant to pay her alimony after her remarriage; (b) that defendant agreed to establish a trust fund for her benefit; (c) that a confidential relationship existed

114

between the parties, or that there was a partial performance which would take the alleged oral agreement out of the Statute of Frauds; and (d) also, that the decree is contrary to the manifest weight of the evidence and is contrary to the law.

In determining that the motion to dismiss should have been overruled, the Supreme Court said (p 505):

"Assuming, as we must for present purposes, that the allegations are true, we think the case clearly falls within the familiar rule that no person shall be permitted to take advantage of his own wrong. This court has long recognized the inequity of allowing one to utilize the Statute of Frauds to work an injustice or fraud, and has refused in such cases to permit its assertion as a defense. . . . According to the facts charged in the present complaint and the reasonable inferences therefrom, the plaintiff's failure to have the agreement put in writing was induced by defendant's intentionally misleading advice and promises. With trust and confidence in her former husband, and in reliance upon his assurance that the agreement was valid and enforcible, she became remarried, thus relieving defendant of the obligation to make further payments under the divorce decree. If, contrary to his representations, he can now interpose the Statute of Frauds and thereby render the agreement void and unenforcible, the effect will be the accomplishment of a virtual fraud. This we cannot condone."

In view of these pronouncements of the Supreme Court, we believe the only question now presented to this court is whether the decree is contrary to the manifest weight of the evidence. Therefore, we have examined the instant record in the light of the rule that a reviewing court will not disturb the findings

of the chancellor, where he has seen and heard the witnesses and the testimony is contradictory, unless such findings are clearly and palpably erroneous or manifestly against the weight of the evidence. (Funderburg v. Shappert, 23 Ill2d 220, 177 NE2d 845 (1961); Brown v. Zimmerman, 18 Ill2d 94, 163 NE2d 518 (1959).) This rule requires, in order to reverse the instant decree, that an opposite conclusion be clearly apparent. Kropp Forge Co. v. Jawitz, 37 Ill App 2d 475, 483, 186 NE2d 76 (1962).

Plaintiff's testimony substantiates the findings of the decree. In corroboration, she offered the testimony of an adult daughter of the parties and of several other witnesses. The daughter testified that her father told her that he did promise her mother the money, but he wasn't going to give it to her, it was alimony, and she had no right to hold him to such a promise. To the daughter's knowledge, plaintiff went to defendant for advice and guidance after the divorce in 1957. On cross-examination, she admitted that her mother had never asked for advice in her presence.

An attorney who was friendly with both parties, and who made efforts to induce defendant "to work out this agreement," testified that defendant admitted to him on a number of occasions that he had made an agreement with plaintiff, but that defendant's attorney "took the position that he didn't think in law it was binding." Plaintiff also introduced evidence as to the LaSalle National Bank account, which was closed out by defendant subsequent to the filing of the instant action.

Defendant's testimony in substance denies the agreement. The attorney who represented him in the original divorce matter, and in post-divorce decree negotiations with plaintiff and her attorneys, testified as to a number of occasions on which defendant said

"that he had never made any of these promises" to plaintiff.

We conclude there is a substantial basis in this record for the findings of the chancellor and the relief granted plaintiff. We cannot say, as we must in order to reverse this decree, that on the record before us an opposite conclusion is clearly apparent.

For the reasons stated, the instant decree is affirmed.

Affirmed.

ENGLISH, PJ and BURMAN, J, concur.