**Joan DOERFLER, Appellant,**

v.

**Roger E. DOERFLER, Appellee.**

No. 3328.

District of Columbia Court of Appeals.

Argued Oct. 21, 1963.

Decided Dec. 20, 1963.

James T. Barbour, Jr., Washington, D. C., for appellant.

Paul J. McGarvey, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

The parties to this action were married in New York in 1954 and thereafter the husband legally adopted his wife's young daughter by a previous marriage. In 1962 the parties entered into a separation agreement providing for a complete settlement of property rights, giving custody of the child to the mother, and providing that the husband should pay $50 a week for "support, maintenance and education" of the child and another $50 per week for "support and maintenance" of the wife, a total of $100 per week. By a rider to the agreement, executed on the same day as the agreement, it was agreed that for a period of eighteen months the husband would pay only $30 a week for the wife's support, or a total of $80 per week, to enable the husband to pay some outstanding obligations. After complying with the agreement for approximately six months, the husband informed his wife that he would no longer pay $80 a week but would only pay $65 a week, $50 of which would be for the child's support. Shortly thereafter this action was brought by the wife in the Domestic Relations Branch of the trial court.

The relief sought by the wife was not made clear in her complaint. Although the complaint, entitled as one for separate maintenance, made reference to our Code Section 16–415, which provides for maintenance of a wife and minor children, it also made reference to the separation agreement, a copy of which was attached,[1] and sought maintenance and support for the wife and child "as provided in the agreement between the parties."

The trial court found that the husband was paying $65 a week and refused any relief, holding that the wife was not entitled to relief under Code Section 16–415 because there was no showing that the husband had failed or refused to maintain his wife and child.

As we have said, the complaint did not make clear whether the wife sought maintenance under the Code Section or sought enforcement of the separation agreement, and her brief on appeal is as ambiguous as her complaint. Her statement of errors appears to be limited to a consideration of the Code Section, but her argument is directed in large part to a plea for enforcement of the agreement. In summary, the wife appears to have confused the statutory right to maintenance with any contractual right she has under the separation agreement. Despite this confusion on her part, it is clear that she sought what amounted to specific performance of the separation agreement at every stage in the proceedings. Therefore we must decide whether she was entitled to such relief.

The question of the right to specific performance of a separation agreement appears never to have been directly passed upon in this jurisdiction.[2] But the question has been considered in other jurisdictions and it is generally held today that specific performance will be granted to separation agreements.[3]

Of course, the wife in this case could have brought successive actions for judgment as the monthly payments accrued, but specific performance is a far more suitable remedy in situations of this kind. We have recently held that when husband and wife have determined to go their separate ways, they should be encouraged to settle their own affairs by a separation agreement, and that such an agreement will be enforced by the courts.[4] We see no valid reason for refusing specific performance of such an agreement.

In the instant case the parties entered into a comprehensive agreement for settlemen of all questions of property rights and support and maintenance for the wife and the child. The right of a child to support cannot be bargained away by the parents, but there is no intimation here that the provisions for the child were not fair and adequate. Having made their agreement the parties are bound by it and it should be specifically enforced in the absence of a showing that it would be inequitable to do so. There was no such showing here.

Reversed with instructions to order enforcement of the agreement.

1. Although copy of the agreement was attached to the complaint, it was not included in the record here, and we have examined it in the original file of the trial court.
2. See, however, David v. Blumenthal, 110 U.S.App.D.C. 272, 292 F.2d 765 (1961).
3. Strasner v. Strasner, 232 Ark. 478, 338 S.W.2d 679 (1960); Morton v. Morton, 36 Del.Ch. 407, 131 A.2d 185 (1957); Loeb v. Gendel, 42 Ill.App.2d 111, 191 N.E.2d 642 (1963); Zouck v. Zouck, 204 Md. 285, 104 A.2d 573, 105 A.2d 214 (1954); Schlemm v. Schlemm, 31 N.J. 557, 158 A.2d 508 (1960); Riesenberger v. Sullivan, 16 Misc.2d 471, 158 N.Y.S.2d 527, aff'd 3 A.D.2d 916, 163 N.Y.S.2d 378 (1957); Zlotziver v. Zlotziver, 355 Pa. 299, 49 A.2d 779 (1946); Nevin v. Nevin, 88 R.I. 426, 149 A.2d 722 (1959).
4. Le Bert-Francis v. Le Bert-Francis, D.C.App., 194 A.2d 662 (1963).