■ BARBARA JOYCE, Respondent, v FRANCIS J. JOYCE, Appellant.

Pursuant to a judgment of separation dated October 22, 1969, plaintiff was awarded exclusive possession of the former marital premises, and was charged with the exclusive obligation to maintain the premises and pay the monthly mortgage installments. On or about November 3, 1981, defendant moved for an order directing the sale of the premises and a division of the proceeds. By order dated January 6, 1982, defendant's motion was granted, and it was directed that the premises be sold and the proceeds be divided equally. Plaintiff moved for reargument and, upon reargument, Special Term amended its prior order to the extent of directing a hearing with respect to an appropriate division of the proceeds of the sale. That order was affirmed by this court on October 25, 1982 (*Joyce v Joyce,* 90 AD2d 534). At the conclusion of the ordered hearing, Special Term found that defendant had waived his beneficial interest in the marital home due, *inter alia,* to the indifferent attitude which he exhibited at the time when mortgage foreclosure proceedings were instituted upon the marital premises.

Upon reviewing the record we conclude that Special Term erroneously determined that defendant had waived his interest in the former marital premises. A waiver must be an intentional relinquishment of a known legal right. Doubtful or equivocal language is not sufficient to establish such intention (*see, Matter*

*of East 56th Plaza v Abrams,* 91 AD2d 1129; *Cicero Indus. Dev. Corp. v Roberts,* 63 Misc 2d 565). During the hearing, when questioned about one of the foreclosure proceedings, defendant at one point indicated that he "couldn't care less at the time" [*sic*]. We believe that the better interpretation of this statement, when viewed in the context of the entire hearing testimony, was that it was a reflection of the growing animosity between the parties, rather than an indication that he wanted to waive his interest in the property.

The judgment of separation imposed sole responsibility for the mortgage payments upon the plaintiff. That same judgment contained an express provision that title to the marital premises was to remain in both parties, as tenants by the entirety. Thus, by the terms of the judgment, defendant had no obligation to contribute to the payment of the mortgage installments, and it would not be equitable to find that defendant waived his interest in the premises by failing to pay that which he had no obligation to pay.

When the equities of the parties have already been determined pursuant to a court-ordered separation decree, as in this case, the defendant cannot subsequently be held financially responsible for items not included within that decree. To do so would result in a "*de facto* grant of a retroactive increase in support payments to the plaintiff" from the date of the separation judgment to the date of conveyance of the property. This, the court does not have power to do (*Martin v Martin,* 82 AD2d 431, 434-435). Defendant's share of the proceeds from the sale of the home may not be offset by charging back to him one half of the maintenance and carrying charges paid by plaintiff pursuant to the separation decree. Plaintiff is, however, entitled to receive from defendant's share of the proceeds, *inter alia,* the sum owed to her as arrears on support payments to which she was entitled.

In view of the foregoing, the matter is remitted to Special Term for further proceedings during which the court shall (1) cause the marital residence to be appraised at its fair market value, (2) calculate the amounts, if any, of defendant's arrears in support under the judgment of separation, as from time to time amended, including the amount secured by a mortgage on his interest in the premises, and (3) determine what proportion of any other lien or liens on the premises is equitably chargeable to the respective parties. Thereafter Special Term should enter an amended judgment offering the property for sale to the plaintiff at one half of its market value less the amount of arrears owed by defendant and the proportion of any other liens thereon

which are equitably chargeable to him. The amended judgment should further provide for the appointment of a referee, who, in the event that the plaintiff fails to exercise her option to purchase within a time fixed by the court, should cause the property to be sold and the proceeds divided in accordance with the formula set forth above. Titone, J. P., O'Connor, Lawrence and Eiber, JJ., concur.