### DIANNE FELLOWS *v.* MARJORIE MARTIN
### (14457)

PETERS, C. J., CALLAHAN, GLASS, BORDEN and BERDON, Js.

Argued May 5—decision released July 28, 1992

*Patrick L. Kennedy,* for the appellant (plaintiff).

*Joel M. Ellis,* for the appellee (defendant).

BERDON, J. This appeal stems from an earlier appeal of a summary process action wherein this court reversed a judgment of possession in favor of the plaintiff landlord, Dianne Fellows, and remanded the case to the trial court for further proceedings. *Fellows* v. *Martin*, 217 Conn. 57, 584 A.2d 458 (1991). The sole issue in this appeal is whether the trial court properly complied with this court's remand order by rendering judgment in favor of the defendant tenant, Marjorie Martin.[1] We affirm.

Because the facts of this case are set forth in *Fellows* v. *Martin*, supra, we will discuss only those facts necessary for a determination of this issue. In June, 1988, the plaintiff brought a summary process action against the defendant seeking possession of the leased premises for nonpayment of rent. The trial court rendered judgment of possession in favor of the plaintiff and the defendant took an appeal, which we transferred to this court. In *Fellows* v. *Martin*, the majority of this court held that "there is no longer sufficient justification for the old prohibition against the application of equitable principles barring forfeitures to summary process . . . and that equitable defenses and counterclaims implicating that right to possession are available in a summary process proceeding." Id., 62. We, there-

---

[1] The defendant filed a motion in this court seeking the dismissal of the plaintiff's appeal on the ground that it is moot because the defendant tendered the amount owed to the plaintiff. We denied that motion by an order dated February 5, 1992. In her brief, the defendant reasserts her mootness claim. We find this claim to be without merit because a legitimate question exists for our determination about the terms of this court's mandate and the trial court's compliance with that mandate on remand.

Also, the defendant and the plaintiff filed motions for sanctions. In their respective motions, the defendant asserts that the present appeal is frivolous while the plaintiff argues that the defendant's motion for sanctions is frivolous. Because we conclude that there exists a legitimate question for this court's consideration, the appeal is not frivolous and, therefore, the defendant's motion is denied. Moreover, we conclude that the plaintiff's motion for sanctions is without merit and, therefore, it is denied.

fore, reversed the judgment of possession on the ground that the defendant's withholding of a minimum amount of rent over a good faith dispute was insufficient, as a matter of equity, to justify a forfeiture.

We issued the following remand to the trial court: "Because the trial court could not reasonably have failed to grant equitable relief to the tenant by relieving her from forfeiture of the lease, we reverse the judgment of possession on the complaint, but remand for further proceedings regarding the amount due the landlord. We affirm the dismissal of the counterclaim to the extent that it claimed damages, because its prayers for monetary relief did not implicate the right to possession." Id., 69–70.

On remand, the trial court determined that the defendant owed the plaintiff $50.02. Upon the defendant's payment of this amount, the trial court rendered judgment for her. The plaintiff appealed that judgment to the Appellate Court and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

The plaintiff now argues that this court's remand directed the trial court to render a judgment in her favor after the court made a determination of the amount owed. Conversely, the defendant argues that the rendering of judgment of $50.02 was done as part of an award of equitable relief in favor of the defendant. The defendant claims that "[s]uch a decree, in effect, would condition the defendant's relief against the plaintiff rather than constitute an award to [the] plaintiff against the defendant under the complaint." We agree with the defendant.

Upon review, we conclude that the remand was not sufficiently precise to guide the trial court. The remand should have ordered the trial court to render judgment for the defendant conditioned upon the payment of the

amount found due by the trial court, that is, $50.02. If the defendant failed to pay that amount within a reasonable time, then it would have been appropriate for the trial court to have rendered judgment of possession for the plaintiff. The judgment of the trial court fully complied with the mandate as we have now articulated it.

The judgment is affirmed.

In this opinion the other justices concurred.