[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT
This matter is before the court in connection with the parties' cross motions for summary judgment. This case has a long history, having been to the Supreme Court twice in the past two years. See, Fellows v. Martin, 217 Conn. 57 (1991) (Fellows I) and Fellows v. Martin, 223 Conn. 152 (1992) (Fellows II). Both of those cases arose out of Dianne Fellows' unsuccessful effort to evict her tenant Marjorie Martin. Having prevailed in both Fellows I and Fellows II, Ms. Martin, the plaintiff in this action, now seeks to recover pursuant to General Statutes42-150bb, reasonable attorney's fees for her successful defense of the summary process action. Her motion for summary judgment as to liability only alleges that there is no disputed issue of material fact and that she is entitled to a judgment as a matter of law. Defendant, by way of her motion for summary judgment, contends that as a matter of law plaintiff is not entitled to recover reasonable attorney's fees.
The facts giving rise to plaintiff's motion are set forth in detail in Fellows I and Fellows II, and will be repeated here only to the extent necessary to resolve the present matter. The parties entered into a ninety nine year lease for an apartment in East Hartford. The tenant withheld twenty five dollars in her rent check in a dispute over her parking accommodations. The landlord then brought a summary process action alleging nonpayment of rent. Defendant filed a counterclaim alleging that it would be inequitable to forfeit a ninety nine year tenancy for want of a twenty five dollar payment that was withheld in a good faith dispute over her parking place. The trial court entered judgment for the plaintiff, but on appeal CT Page 9541 the Supreme Court ruled, in Fellows I, supra, that the trial court erred by not sustaining tenant's equitable defense. Specifically, the Court ruled that "eviction would work a forfeiture `wholly disproportionate to the injury suffered.'"217 Conn. at 67. The Court went on to note that the tenant "withheld the rent in a dispute over her parking accommodations. She apparently believed that she had the right to withhold rent if her landlord breached the lease. While her belief was erroneous her mistake amounts to a mistake of law, rather than the type of willfulness disapproved by . . . other authorities." Id. at 68.
The case was reversed and remanded for the trial court to determine the arrearage owed to the landlord and for entry of an order that the arrearage be remitted to the landlord as a condition of judgment entering for the defendant. On remand, the trial court determined that tenant owed $50.02 and ruled that judgment would enter for the tenant conditioned on her paying the arrearage to the landlord. The landlord then appealed that ruling to the Supreme Court which, in Fellows II,223 Conn. 152, affirmed the entry of judgment for tenant.
 I.
The dispositive issue in this case is the meaning and interpretation of General Statutes 42a-150bb.[1] In relevant part that provision specifies that whenever a lease provides that the landlord may recover attorney's fees from the tenant, "an attorney's fee shall be awarded as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease." (Emphasis supplied.) In this case the lease between the parties provided that the lessee shall "pay and indemnify the lessor against all counsel fees lawfully and reasonably incurred in the enforcement of any provision of the lease, including obtaining possession of the premises after a default by the lessee." Plaintiff argues that because the lease permits the landlord to recover attorney's fees and because she, the tenant, successfully defended against the eviction action, she is entitled, according to the plain language of 42-150bb, to recover her counsel fees.
Defendant opposes plaintiff's motion on two grounds. The first is based on defendant's claim that the Supreme Court granted equitable relief based on its finding that the injury to the landlord was reparable by the payment to her of the CT Page 9542 approximately fifty dollars withheld by the tenant; Fellows v. Martin, 217 Conn. at 67-69; thereby making the landlord "whole." It follows, according to defendant, that to the extent that a substantial attorney's fee award is granted, defendant will not be "whole" and therefore the premise upon which equitable relief was granted would be undermined. The second, and perhaps more significant argument, is that the tenant caused the eviction action by not paying her rent in full, and therefore lacks "clean hands." Defendant, in effect argues that notwithstanding the plain language of 42-150bb, an exception should be engrafted on it prohibiting a consumer from recovering attorney's fees after successfully defending against a claim by the commercial party when the consumer himself brought about the litigation. In support of this argument defendant relies on Simonetti v. Lovermi, 15 Conn. App. 722, 726 (1988), in which the Appellate Court ruled that, "[i]t would be inequitable, however, to allow the party in default under the contract to recover attorney's fees after its own willful breach led to litigation for which the fees were incurred."
 A.
In order to fully evaluate the parties' claims consideration must be given to the language, purpose and meaning of General Statutes 42-150bb. In undertaking this examination a number of well established principles guide the court. The first is that the fundamental objective of statutory interpretation is to give "effect to the apparent intent of the legislature. In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same subject matter." Lauer v. Zoning Commission, 220 Conn. 455,460 (1991). "[W]here the statutory language is clear and unambiguous, construction of the statute by reference to its history and purpose is unnecessary." Elections Review Committee of the Eighth District v. FOIC, 219 Conn. 685, 692 (1991). Where, however, the language of the statute is not "absolutely clear" on its face, or application of the statute to the facts of the case discloses an inherent ambiguity or literal application of the statute would lead to absurd or futile results, then reference to the history and purpose of the statute is appropriate." State v. Cain, 223 Conn. 731, 744 (1992) (Berdon, J. dissenting) (emphasis in original). CT Page 9543
With these precepts in mind, the language of 42-150bb is first considered. As previously noted, this statute provides in relevant part that, "Whenever any contract or lease entered into on or after October 1, 1979, to which a consumer is a party, provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease." The statute goes on to note that its provisions govern lessor and lessee.
The language of the statute is clear and precise, spelling. out in unambiguous terms the circumstances under which attorney's fees will be awarded to a tenant. If the lease authorizes the landlord to obtain attorney's fees then the tenant is likewise entitled to such fees if he successfully defends against an action brought by the landlord. The defendant landlord in this case does not suggest that the language of 42-150bb is unclear or ambiguous. Nor does defendant contest that the lease authorizes him to recover attorney's fees from plaintiff. In the face of the Supreme Court's holdings in Fellows I and II that judgment enter for the tenant, the landlord does not, and cannot, dispute that the plaintiff "successfully defend [ed] an action based upon the lease." Defendant does not point to any language in the statute suggesting that the award of attorney's fees to a successful tenant be conditioned on equitable considerations or an evaluation as to whether the tenant induced the litigation. Nor does defendant allege that the plain language of the statute lends itself to such an interpretation. Under these circumstances it would appear that defendant's claim is foreclosed by the rule that, "the intent of the legislature is to be found not in what it meant to say but in what it did say. Moreover, it is not the province of a court to supply what the legislature chose to omit. The legislature is supreme in the area of legislation, and courts must apply statutory enactments according to their plain terms." Federal Aviation Administration v. Administrator, 196 Conn. 546, 550 (1985).
While not framing the issue in these terms, defendant's argument seems to be that literal application of the statute would lead to an absurd or unworkable result, namely, that plaintiff tenant could profit from her own dereliction if attorney's fees are awarded to her when it was her withholding CT Page 9544 of the rent that spawned the litigation in the first instance. This claim requires the court to consider the intent and purpose of the statute notwithstanding the absence of any facial ambiguity in its language. Id, and see, also state v. Cain, supra. at 744 n. 15 (collecting cases). It is appropriate, therefore, to "examine other sources of possible enrichment namely, the history, purpose, objective and underlying policy of the statute." Election Review Committee of the Eighth Utilities District v. FOIC., supra., at 685.
Before examining these sources it is appropriate to note that Connecticut adheres to the so-called "American Rule" which holds that "a prevailing party ordinarily is not entitled to collect a reasonable attorney's fee from the opposing party as part of his or her damages or costs." Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 241, 247, 95 S.Ct. 1612,44 L.Ed.2d 141 (1975); Brookfield v. Candlewood Shores Estates, Inc., 201 Conn. 1 (1986). The only exception to this is when attorney's fees are authorized by statute or contract. In enacting 42-150bb, therefore, the legislature created an exception to the common law, which, is a remedial change that should be interpreted broadly in favor of the protected persons. Chrysler Corp. v. Maiocco, 209 Conn. 579 (1989).
The legislative history of P.A. 79-453, later codified as42-150bb, strongly suggests that the purpose of the bill was to create parity between consumers and commercial parties insofar as attorney's fees are concerned. As noted in the floor debate, consumer contracts, including leases, frequently provide that the commercial party can recover its legal fees, but do not nave a comparable provision for the consumer. The purpose of the legislation, as indicated by Senator Depiano, was to place the consumer and commercial party on equal footing. "I think that most of the time these consumer contracts are drawn up by the creditor and under the circumstances many of the consumers are not aware of that provision in the bill, and therefore, I think they should be protected because I think that if a creditor brings a law suit and he fails and had he been successful, he would have collected attorney's fees. I think it's only fair that we legislate that the consumer can get the same protection and therefore be entitled attorney's fees." 22 Sen. Proc., Part 22, 1979 Sess., p. 4275.
Likewise, Rep. Tulisano noted that the bill "give [s] some equity to the situation. At the present time, many form CT Page 9545 contracts include attorney's fees provisions for the commercial property, and even though the commercial party may be wrong and a consumer successfully defends an action against him, they would not be entitled to receive attorney's fees in defending that action. This will put some equity into the situation to the same extent that any commercial party will receive. And it's an attempt to balance the law." 22 H.R. Proc., Pt., 22, 1979 Sess., p. 7489. While comments of individual legislators are not always useful in assessing the legislative purpose; Manchester Sand Gravel Co. v. South Windsor, 203 Conn. 267
(1987); what emerges from the comments mace in connection with P.A. 79-453 is that the bill was ameliorative in nature and that there was no suggestion that the consumer's right to recover attorney's fees was conditioned upon his not having induced the litigation. The import of the comments is that if the commercial party initiates litigation, for whatever reason, and the consumer successfully defends, the consumer is entitled to recover his attorney's fees if the lease would have authorized the commercial party to recover its fees.
It is highly significant that the language of the bill, as originally proposed, authorized attorney's fees only if the consumer successfully prosecuted an action against the commercial party. In his testimony before the Judiciary Committee, attorney Raphael Podolsky suggested a change in the original language to permit a consumer who successfully "defends" against a suit to also collect fees. "In line 23, and this one's quite important, it says that it makes it reciprocal to the consumer who successfully prosecutes an action or a counter claim. Most cases in which the consumer will be involved, the consumer will be the defendant. And, if the consumer prevails in defending a suit, he should also get the benefit of the reciprocal attorney's fees, so it ought to say who successfully prosecutes or defends an action or a counter claim. You need that to have true reciprocity under the bill." Conn. Joint Standing Committee Hearings, Judiciary, Part 3, 1979 Sess., p. 800.[2] It is notable that this suggestion, subsequently adopted by the legislature, was not coupled with any requirement that a defendant consumer seeking attorney's fees demonstrate that he did not induce the litigation.
Based on a review of the language of the statute as well as it legislative history it does not appear that there is any basis for defendant's claim that the court should consider the equity of awarding attorney's fees to plaintiff or should CT Page 9546 otherwise read into the statute a requirement that tenant's role in starting the litigation be evaluated as a condition of awarding fees to a consumer who successfully defends against a suit by the landlord.
Defendant's argument is flawed in a number of other respects. First, there is nothing in the record of either this case or Fellows I or Fellows II to support defendant's assertion that it was the tenant who prompted the litigation by breaching the lease. All that is known is that Ms. Martin withheld twenty five dollars over a dispute about a parking spot. She may very well have withheld that money because it was the landlord who breached the lease, a point suggested by the Supreme Court in Fellows I. "The trial court found that the tenant withheld the rent in a dispute over her parking accommodations. She apparently believed that she had the right to withhold her rent if her landlord breached the lease. While her belief was erroneous, her misconception amounts to a mistake of law, rather than the type of `willfulness' disapproved by Fountain v. Stein and other authorities . . . . The doctrine against forfeitures applies to a failure to pay rent in full when that failure is accompanied by a good faith intent to comply with the lease or a good faith dispute over the meaning of the lease."217 Conn. at 69 (cites omitted) (emphasis supplied). In short, there is nothing before this court to support defendant's claim that plaintiff was responsible. for the litigation. All that is known is that: (1) there was a "good faith dispute" about the parking fee; (2) the reason for that disagreement is unclear; and (3) the landlord initiated litigation and judgment subsequently entered for the tenant.
Second, as the preceding suggests, it is inappropriate to engraft on 42-150bb a judicial rule that the consumer not have induced the litigation, since proof of such fact would require that the entire matter be relitigated before the court considering the attorney's fees request. This would impose an unnecessary burden on the court and the parties and could possibly result in inconsistent findings. In enacting 42-150bb
the legislature could have reasonably concluded that the sole issue in a motion made pursuant to 42-150bb is whether the lease provides for attorney's fees to the landlord and whether the tenant successfully defended against a claim brought under the lease. The legislature could also have appropriately concluded that a retrospective evaluation of the reason for the litigation commencing in the first instance is irrelevant to the CT Page 9547 award of attorney's fees and that it was appropriate to place the risk of unsuccessful litigation on the commercial party when the tenant is required to assume that same risk by the terms of the contract. It is appropriate to recall that "it is not the province of the court to supply what the legislature chose to omit"; Federal Aviation Administration v. Administrator, supra, at 594; and that "remedial statutes are to be liberally construed in favor of those whom the legislature intended to benefit." Chrysler Corp. v. Maiocco, supra at 579, 595 (1989). The court therefore declines to adopt defendant's invitation to impose on 42-150bb an exception that is not suggested by either the language or purpose of the statute.
Finally, defendant relies on Simonetti v. Lovermi, supra, for the proposition that, "it would be inequitable to allow the party in default under the contract to recover attorney's fees after its own willful breach led to the litigation for which the fees were incurred. 15 Conn. App. at 722. This court concludes that Lovermi is inapposite. In that case the Lovermi Building Company, specializing in masonry, entered into a subcontract with the general contractor, Simonetti. Lovermi performed certain work under the contract and then walked off the job. It thereafter sued, under a theory of quantum meruit, for the value of the services it provided and for attorney's fees. The Appellate court overturned the award of attorney's fees, ruling that, "the trial court erred when it based the award of attorney's fees on a provision of the contract which had been breached and was no longer in force. Attorney's fees are recoverable only when a contract provides for such recovery or when it is allowed by statute. The plaintiff could not recover attorney's fees under the breached contract and no such claim for statutory fees was involved in this case." Id. at 722; (emphasis supplied).
Despite its holding the Simonetti court went on to suggest in obiter dictum that it was the plaintiff's breach that precipitated the litigation and that it would be inequitable to allow the party in default to recover attorney's fees when its willful breach caused the litigation. As suggested, the court's observations were dicta, it having earlier ruled that the plaintiff could not recover fees because the contract was no longer in effect and no claim for statutory fees was made. Further, the Appellate Court's comments concerning equitable considerations must be understood in the context of plaintiff's underlying claim sounding in quantum meruit, an equitable CT Page 9548 doctrine. Under those circumstances it would make sense for the Court to observe, as it did, that weighing of the equities would counsel against awarding attorney's fees when it was plaintiff who caused the litigation. Additionally, in the present case, unlike in Lovermi, plaintiff's claim for attorney's fees is brought pursuant to statute and unlike in Lovermi, there is no finding that plaintiff in this case breached the contract and thereby caused the litigation.
For all of the foregoing reasons, plaintiff's motion for summary judgment as to liability only is granted. Defendant's cross motion for summary judgment is denied.
SO ORDERED.
Holzberg, J.