[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court finds that the plaintiff has proven the allegations of its complaint by a fair preponderance of the evidence. The CT Page 11121 court further finds that the defendant has failed to prove his second special defense.
This brings us to the crux of the case, the defendant's first special defense which seeks equitable relief from the forfeiture of his tenancy. "In Fellows v. Martin, 217 Conn. 57, 584 A.2d 458
(1991), our Supreme Court held that equitable defenses such as relief from forfeiture are available to tenants in summary process proceedings. In order to establish the defense, a tenant must show: `(1) the tenant's breach was not willful or grossly negligent; (2) upon eviction the tenant will suffer a loss wholly disproportionate to the injury to the landlord; and (3) the landlord's injury is reparable.' Cumberland Farms, Inc. v. DairyMart, Inc., 225 Conn. 771, 778, 627 A.2d 386 (1993)." OaklandHeights Mobile Park, Inc. v. Simon, 36 Conn. App. 432, 435,651 A.2d 281 (1994).
Here, the defendant is mentally or emotionally disabled, a condition for which he has received social security benefits. He has suffered from that condition since before his tenancy with the plaintiff commenced. Although there was no evidence that he was under a conservatorship, the defendant's public assistance and social security benefits have been sent to his attorney for many years. The attorney paid the defendant's bills, including his rent, and provided the defendant with some pocket money. Checks were never handed over to the defendant.
In or around May 1997, the State of Connecticut enabled public assistance recipients to access their benefits by use of an automatic teller machine (ATM). In June, the defendant obtained his public assistance benefits from an ATM and did not use those monies to pay his rent. He knew he was spending his money on things other than his rent. Two days after service of the notice to quit, the defendant's attorney sent the plaintiff a letter advising the latter of the circumstances and stating that the rent for May, June and July would be paid on July 7. On that date, the defendant's attorney, by certified mail, tendered $285, representing the rent due for those three months.
"A wilful act is one that is intentional, wrongful and without just cause or excuse." (Internal quotation marks omitted.) Soucy v. Wysocki, 139 Conn. 622, 628, 96 A.2d 225
(1953). The term "wilful" is a word of many meanings and each usage must be interpreted with reference to the context in which it appears. United States v. Sanchez-Corcino, 85 F.3d 549, 552-53
CT Page 11122 (11th Cir. 1996). In the present context, the meaning of "wilful" is illuminated by contrasting it to "negligence" or "neglect". InF.B. Fountain Co. v. Stein, 97 Conn. 619, 626-27, 118 A. 47
(1922), the Supreme Court held the "rule to be that in cases of wilful or gross negligence in failing to fulfil a condition precedent of a lease, equity will never relieve. But in case of mere neglect in fulfilling a condition precedent of a lease, which does not fall within accident or mistake, equity will relieve when the delay has been slight, the loss to the lessor small, and when not to grant relief would result in such hardship to the tenant as to make it unconscionable to enforce literally the condition precedent of the lease." Accord Cumberland Farms,Inc. v. Dairy Mart, Inc., 225 Conn. 771, 779, 627 A.2d 386
(1993); Tartaglia v. R.A.C. Corp., 15 Conn. App. 492, 494,545 A.2d 573 (1988); R R of Connecticut, Inc. v. Stiegler,4 Conn. App. 240, 243, 493 A.2d 293 (1985). The court concludes that the defendant's failure to pay his June rent was not wilful or even grossly negligent.
The second criteria for equitable relief from the forfeiture of a lease is that "upon eviction the tenant will suffer a loss wholly disproportionate to the injury to the landlord. . . ." The defendant is a middle aged man, not in good mental health, and suffering from complications associated with acquired immune deficiency syndrome (AIDS). He has no dependents. He goes to a hospital each day for therapy related to his mental disability. Although there was no direct evidence that the defendant would be unable to obtain other housing, the court infers that in attempting to relocate and in relocating, the defendant would suffer in a manner "wholly disproportionate to the injury to the landlord." The injury to the landlord amounts to a delay of a month in the payment of one month's rent. Although not a basis of the notice to quit or of this summary process action, the plaintiff also complains that the defendant has permitted undesirable persons, including prostitutes, to visit his apartment, that this has annoyed other tenants and has resulted in police activity.
The third criteria for equitable intervention is whether "the landlord's injury is reparable." It is, of course, and the defendant's attorney attempted to remedy it on June 7. His checks were returned.
Accordingly, judgment may enter for the defendant. CT Page 11123
However, "equity, having assumed jurisdiction, will do complete justice. . . ." Howarth v. Northcott, 152 Conn. 460,464, 208 A.2d 540 (1965). "Equity never does anything by halves."Id., 465. "As he is seeking equity he must do equity." Caraminiv. Telegulias, 121 Conn. 548, 553, 186 A. 482 (1936). "`It is in the power of a court of chancery to do more ample and complete justice to the parties interested, than can possibly be done in a court of law.' Ward v. Griswoldville Mfg. Co., 16 Conn. 593, 602; Mann v. Cooke, 20 Conn. 178, 187." Beach v. Beach Hotel Corp.,117 Conn. 445, 454, 168 A. 785 (1933).
The defendant is ordered to pay all rent to the plaintiff for the months May through October, 1997. Fellows v. Martin,223 Conn. 152, 611 A.2d 412 (1992). Further, the defendant is ordered not to invite, permit or suffer prostitutes or persons known to possess illegal narcotics to enter the plaintiff's premises.
BY THE COURT
________________________________ Bruce L. LevinJudge of the Superior Court