[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On March 13, 2000, the above cited plaintiff filed a Summary Process action seeking immediate possession of real property on the sole ground of nonpayment of rent. The complaint alleges that on or about June 21, 1996, the parties entered into a five-year commercial lease agreement for certain property located in Union, Connecticut. By amended complaint the plaintiff alleges that the defendant failed to tender rent in the amount of $2800.00 on January 1, 2000, and again on February 1, 2000, in violation of the terms of said lease.
On March 30, 2000, the defendant filed an Answer, Special Defenses, and a two-count Counterclaim which allege lease violations and unethical conduct by the plaintiff. The defendants seek equitable and monetary relief. On April 24, 2000, the plaintiff filed a Motion to Strike both counts of the counterclaim on the ground that the allegations therein are not related to plaintiffs' claim for possession for nonpayment of rent.
The gravamen of the first count of the defendants' counterclaim is that the plaintiff materially breached a warranty relating to environmental issues contained within the lease agreement resulting in a substantial financial loss by the defendants. The defendants also allege that on numerous occasions prior to the commencement of this action they tendered the required rent payments to the plaintiff but said payments were refused, returned, or not claimed by the plaintiff, "all with the apparent purpose of defeating and terminating the subject Lease."
In the first count of the counterclaim the defendants are seeking relief in the form of a judicial determination that they are not in default in the payment of the rent or that any such default is the result of conduct by the plaintiff. They specifically seek a decree declaring the lease to be in full force and effect in accordance with its terms.
The second count of defendants' counterclaim incorporates the facts alleged in the first count and additionally complains that the plaintiff CT Page 6706 has refused to sign a "Landlord's Waiver And Consent" which the defendants need to obtain financing in order to purchase trucks and other vehicles for retail sale on the leased premises. As a result, the defendants allege that they "have sustained substantial monetary damages which should be set off against any proven monetary breach under the Lease." As to the second count of the counterclaim, the defendants seek monetary damages, punitive damages, and an order permitting them to set off the damages they have suffered against any arrearage due the plaintiff under the terms of the lease.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). When ruling on a motion to strike, a court "must construe the complaint in the manner most favorable to the pleader." Blancato v. Feldspar Corporation, 203 Conn. 34, 36,522 A.2d 1235 (1987). "The motion to strike admits all facts well pleaded; it does not admit legal conclusions or truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91,108, 196 A.2d 91 (1985). "A motion to strike is the proper method of challenging the legal sufficiency of a special defense." Krasnow v.Christensen, 40 Conn. Sup. 287, 288, 492 A.2d 850 (1985, Burns, J.). A motion to strike may also be employed to challenge the legal sufficiency of a counterclaim. Emlee Equipment Leasing Corporation v. WaterburyTransmission, Inc., 41 Conn. Sup. 575, 578, 595 A.2d 951 (1991, Blue, J.).
Equitable defenses and counterclaims implicating the right to possession are available in a summary process proceeding. Fellows v.Martin, 217 Conn. 57 (1991). However, "[a] summary process action is designed solely to decide the simple question of who is entitled to possession . . . A claim for damages is not properly raised in a summary process action" (Citations omitted; internal quotation marks omitted).Carnese v. Middleton, 27 Conn. App. 530, 535, 608 A.2d 700 (1992). A counterclaim that seeks relief in the form of compensatory and punitive damages is not permitted in a summary process action because prayers for monetary relief do not implicate the right to possession. Fellows v.Martin, 223 Conn. 152, 154 (1992). "Complaints and counterclaims seeking money damages are not permitted in summary process lawsuits, either tenant against landlord or landlord against tenant. Atlantic Refining Co.v. O'Keefe, 131 Conn. 528, 531, [41 A.2d 109] (1945); Webb v. Ambler,125 Conn. 543, 551, [7 A.2d 228] (1939)." Henesy v. Fleiss, Superior Court, judicial district of Stamford-Norwalk Housing Session at Norwalk, Docket No. 9512-027 (April 26, 1996) (Tierney, J.). CT Page 6707
FIRST COUNT OF THE COUNTERCLAIM
"Equitable principles barring forfeitures may apply to summary process actions for nonpayment of rent if: (1) the tenant's breach was not wilful or grossly negligent; (2) upon eviction the tenant will suffer a loss wholly disproportionate to the injury of the landlord; and, (3) the landlord's injury is reparable." Cumberland Farms, Inc. s. Dairy Mart,Inc., 225 Conn. 771, 778 (1993). In paragraphs 11 through 15 of the first count of the counterclaim the defendants allege that they will suffer a disproportionate loss to that of the plaintiff if evicted and that the plaintiffs injury is reparable. The lack of wilfulness or gross negligence, while not expressly stated, is clearly implied within the defendants' pleadings.
The plaintiff claims that Count One, paragraph eleven of the defendants' counterclaim relating to tender of past rent is superfluous and should be stricken as it is also pleaded in the defendants' special defenses. The court disagrees. The specific relief being sought by the defendants in the first count of their counterclaim sufficiently differentiates this counterclaim from the special defenses raised by the defendants.
The court finds that the substance of the allegations contained in paragraphs 11 through 15, together with the defendant's prayer for relief as to the first count of the counterclaim, constitute an equitable defense implicating the plaintiffs right for immediate possession of the premises. Therefore, the motion to strike First Count of the Counterclaim is denied.
SECOND COUNT OF THE COUNTERCLAIM
The court finds that in both the substance of the allegations and the prayer for relief this count is a claim for monetary damages which are unrelated to plaintiffs summary process complaint seeking immediate possession of the premises. Therefore, the motion to strike the Second Count of the Counterclaim is granted.
 ___________________, J. Terence A. Sullivan Superior Court Judge