*311 OPINION OF THE COURT
John A. Fusco, S.
In this pending proceeding, the court is called upon to determine the validity of a claim made against the estate by Josephine Paternostro, the former wife of the decedent. The decedent, Leo Paternostro, also known as Leoluca Paternostro, died on January 27, 2000 survived by his second wife, Marie Paternostro, and two adult children from his former marriage to the claimant.
The claim of Josephine Paternostro was filed on December 18, 2000, and is based on a judgment of divorce obtained by the decedent against the claimant some 19V2 years earlier on July 28, 1981. The judgment of divorce provided, inter alia, that the defendant, Josephine Paternostro, was to be paid the sum of $1,000, representing all support arrears up to and including March 13, 1981 within 30 days from the date of said judgment. Furthermore, the former marital residence located at 64 Spring Street, Staten Island, New York, was to be sold by the plaintiff and the net proceeds equally divided between the parties. Finally, the defendant was awarded the sum of $30 per week for alimony and an additional $60 per week for the support of their two infant children, custody of whom was given to the defendant.
There has been no proof offered that the decedent, during his lifetime, made any support payments to his former wife, nor did he sell the subject premises and distribute one half the net proceeds to her. Nevertheless, the claimant failed to take any action to enforce her rights under the divorce judgment prior to decedent’s death. Incredibly, the claimant maintains that she did not even learn of her divorce from the decedent until after his death, although she was represented by counsel and the divorce was settled by stipulation. She now urges, however, that the real property at 64 Spring Street should be sold with one half of the net proceeds being distributed to her pursuant to the 1981 judgment. Furthermore, she seeks $1,000 in support arrears set in 1981, with interest from August 27, 1981. She also seeks the sum of $30,300 for maintenance from the date of the divorce judgment until the death of the decedent, and $3,900 in support for the younger child, Michael, from January 27, 1994 until July 22, 1996, when Michael became emancipated on his 21st birthday.
Decedent’s surviving spouse, Marie Paternostro, contends that the claim by decedent’s former spouse is subject to a six- *312 year statute of limitations and is therefore time-barred. Claimant, however, contends that her claim is not governed by the six-year statute for contracts. She contends that her claim is based on the support provisions of a divorce judgment and should be subject to CPLR 211 with its 20-year statute of limitations. Her reliance on CPLR 211 (e), to impose a 20-year statute of limitations on this 1981 judgment, is misguided, overlooking that section’s express applicability only to actions commenced to enforce orders entered after August 7, 1987 (see Tauber v Lebow, 65 NY2d 596). Similarly, that portion of her claim seeking to enforce the equitable distribution of marital property pursuant to the divorce judgment would also be governed by a six-year statute of limitations under CPLR 213 (1).
As already noted, the judgment of divorce directed that the plaintiff (decedent) “shall sell the premises for the best price obtainable and that the net proceeds thereof shall be equally divided between the parties.” The judgment, however, imposes no time frame as to when the property is to be sold. Although the judgment does make reference to the stipulation of the parties, a copy of the stipulation has not been provided to the court and therefore the court must rely solely on the 1981 judgment of divorce.
While this court concludes that the instant claim, indeed, is governed by a six-year statute of limitations, a limitation period does not begin to run until a cause of action or claim has accrued. Since there was no provision in the judgment when the property was to be sold, the decedent was under no obligation to sell the property immediately and distribute the net proceeds. Nor did his ex-wife seek to compel the sale of the real property prior to her instant claim. The well settled rule is that where the right of action depends upon the happening of a contingent future event, the cause of action accrues and the statute begins to run only from the time when the event happens. (Greenley v Greenley, 114 App Div 640; Blakely v Agency of Canadian Car & Foundry Co., 73 NYS2d 573.) Where there exists no direction to sell by a date certain, and where the property is not sold, as here, the statute of limitations will not begin to run until the sale occurs or the person directed to sell, finally refuses to sell the premises (see Riesenberger v Sullivan, 16 Misc 2d 471). Accordingly, since the property herein has not been sold, and since the decedent did not refuse to sell the property, the court finds this action is indeed timely commenced, despite the six-year statute of limitations.
*313 The claimant argues that her interest in the former marital premises is protected by the doctrine of unjust enrichment, and that a constructive trust should be imposed to protect the same. Conversely, the surviving spouse argues that unjust enrichment and constructive trust do not apply, and that the claim seeking relief equitable in nature should be barred by the doctrine of laches. Finally, she argues that claimant’s complete inaction and disinterest for 19x/2 years in seeking her entitlements under the judgment of divorce amounts to acquiescence and a waiver of her rights under the judgment.
The court, however, rejects the argument that the claimant has waived her right to enforce the judgment due to her inaction for 19V2 years. Although a spouse may waive his or her rights under a judgment of divorce, “[a] waiver must be an intentional relinquishment of a known legal right” (see, Joyce v Joyce, 110 AD2d 682, 682) and will not be inferred from mere silence or inaction (see, Agati v Agati, 92 AD2d 737, affd 59 NY2d 830). Nor does the court find any basis in the record which would justify a determination that the claimant was guilty of laches.
Indeed, in Thurmond v Thurmond (155 AD2d 527, 529), the Court stated: “Laches is not mere delay that works disadvantage or injury; such a defense is deficient if it fails to include allegations showing not only a delay, but also injury, change of position, intervention of equities, loss of evidence, or other disadvantage resulting from such delay.” Accordingly, the claim for the value of one half the net proceeds from the sale of the real property is hereby allowed.
Finally, the court finds, and it is indeed conceded by Josephine Paternostro, that her claims for alimony and child support are likewise governed by the six-year statute of limitations. Those claims are therefore limited to the six-year period immediately preceding December 18, 2000, the date of her claim. The claim for alimony is allowed from December 18, 1994 until January 27, 2000, the date of death of decedent. That claim is hereby allowed in the amount of $30 per week for 266 weeks for a total of $7,980. The child support claim for Michael is allowed from December 18, 1994 until July 22, 1996, the date Michael became emancipated on his 21st birthday, according to the uncontroverted allegation of the claimant. That claim is hereby allowed in the amount of $30 per week for 83 weeks for a total of $2,490. Also allowed is the claim for $1,000 for support arrears set in the 1981 judgment of divorce. Said claim was undeniably filed timely under the 20-year statute of limitations for enforcing a money judgment.
*314 Accordingly, the claim of Josephine Paternostro, the former spouse of the decedent, is allowed for the total sum of $11,470, plus the value of one half the net proceeds from the sale of 64 Spring Street, Staten Island, New York. If the parties cannot agree on said value within 30 days of the decision herein, then each party will select a real estate appraiser, who in turn will agree on one appraiser to establish the fair market value of the subject premises. The dwelling will then be sold forthwith at the fair market value, with one half the net proceeds being distributed to the claimant.