[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this action, Rodensteiner Technologies, LLC hereinafter ("Landlord"), seeks a judgment of immediate possession based upon two allegations: (1) nonpayment of rent; and (2) termination of the lease agreement by lapse of time.
The defendant, Sunshine Enterprises, Inc. (hereinafter "Tenant"), asserts by way of defense that a dispute exists as to CT Page 4749 the amount of additional rent, if any, owed to the plaintiff. Defendant also contends that the lease has not terminated by lapse of time because the Landlord has not provided a rental offer in accordance with the terms of the lease agreement.
FACTS
On or about September 22, 1992, Sunshine Enterprises, Inc. entered into a commercial lease ("lease") for a five year term with plaintiff's predecessor in interest for premises known as 12 South Street, Danbury, Connecticut.
Paragraph 2 of the commercial lease describes the leased premises as "building one, rear, Danbury, Connecticut, for which Tenant shall have exclusive possession and a designated exclusive parking area for the personnel and business visitors of the Tenant as shown on the site plan filed with the Planning and Zoning officials of the City of Danbury."
Pursuant to the description of premises contained in the lease, the Tenant occupied 3096 square feet of space and had sixteen parking spaces. Also, pursuant to the terms of the lease, the Tenant paid $1687.50 per month in 1997. Accordingly, the Tenant was being charged approximately $6.50 per square foot. When the defendant originally moved into the space, it spent approximately $95,000 in fitting up this space for its laundry business.
Paragraph 42 of the lease contained a renewal option that provided as follows:
 Renewal Option. Landlord, will, at least six (6) months prior to expiration of this Lease, submit to Tenant a renewal offer. The renewal offer will contain the terms and conditions under which Landlord will be willing to renew the Lease for an additional period of five (5) years. The rent for each year during the period of renewal shall not exceed the previous year's base rent plus a percentage increase thereof which is equal to the percentage increase (if any) in the "Consumer Price Index" for the month of September in the first (1st) and subsequent renewal years over such index for the month of September in the previous year.
On April 1, 1997, the plaintiff submitted a letter to the defendant in which it proposed a new lease (hereinafter "proposed CT Page 4750 lease") with modifications including the following:
Description of Leased Premises. The existing description will be voided. Our offer is based on this new description. Building 1, rear, with modified total space; of 2400 ft.2. Five total parking spaces will be available to accompany this leased space.
In addition, the proposed lease provided that the basic rent would be set at $8/per square foot, and that the total rent per year would be $19,200.
LAPSE OF TIME
In construing a lease, three elementary principles must be kept in mind; the intention of parties is controlling and must be gathered from the language of the lease and the circumstances surrounding the parties at the execution of the instrument; the language must be given its ordinary meaning unless technical or special meaning is clearly intended; and the lease must be construed as a whole and in such a manner as to give effect to every provision if reasonably possible. Hatcho Corporation v. DellaPietra, 195 Conn. 18 (1985). Additionally, a commercial lease imposes on the landlord a duty of good faith and fair dealing in its performance and enforcement. Warner v. Konover, 210 Conn. 150 (1989).
Connecticut case law distinguishes between a covenant to extend the term of the lease and one to renew a lease for a certain specified term upon the expiration of the initial term.
 Any lease, by agreement of the parties, may provide for tenancy beyond the minimum term therein in two well recognized ways: one, by means of a covenant to renew the lease for a certain specified term upon the expiration of the term of the original lease, which covenant contemplates a further lease to be entered into by the parties; the other, by means of what are termed agreements for extension. These latter come into existence by use of a great variety of phrases, such as "the privilege of two more years if desired," or "with right to remain for a further period of ____ if he so elect," or "the privilege of continuing this lease for ____." When such expressions are used, the original lease operates as a continuous one, and the holding for a term exceeding the minimum provided in the agreement, does not require any additional instrument to give it validity. CT Page 4751
City Coal Co. v. Marcus, 95 Conn. 454, 459 (1920).
The court finds that construing this lease as a whole, the parties contemplated a further lease to be entered into by the Landlord and Tenant. However, the court also finds that the Landlord clearly breached its obligation to provide Tenant with a legitimate renewal offer prior to the expiration of the lease.
The intention of the parties, as gathered from the language of the lease, was that the description of the leased premises would remain the same. To interpret the lease otherwise would make the language regarding the agreed upon rental rate contained in the renewal option paragraph superfluous. Moreover, for Landlord to argue that it could unilaterally reduce the amount of square footage by 696 feet, as long as it kept the rent at the rate provided for in the renewal option paragraph, is a clear demonstration of lack of good faith on the part of the Landlord. In essence, what the Landlord is attempting to do is increase from approximately $6.50 to $8 the amount of rent being charged per square foot, while at the same time reducing the amount of square footage available to the Tenant. This was clearly not contemplated by the parties as gathered from the language of the lease and circumstances.
Moreover, if the court were to agree with the Landlord that it could unilaterally reduce the amount of square footage, such interpretation would render the language regarding the description of the premises superfluous. The description of the leased premises are described as building one, rear, and a designated exclusive parking area as shown on the site plan filed with the planning and zoning officials of the City of Danbury. The language of the lease, as well as the implied covenant of good faith and fair dealing, require the Landlord to provide a renewal offer for the same property described in the lease dated September 22, 1992 and occupied by the tenants during the original term of the lease.[1]
A condition precedent is a fact or event which the parties believe must exist or take place before there is a right to performance. If the condition is not fulfilled, the right to enforce the contract does not come into existence. Whether a provision in a contract is a condition, the nonfulfillment of which excuses performance depends upon the intent of the parties, to be ascertained from a fair and reasonable construction of the CT Page 4752 language used in light of all the surrounding circumstances when the contract was executed. K.A. Thompson Electric Co. v. Wesco, Inc.,27 Conn. App. 120, 124 (1992); Lach v. Cahill, 138 Conn. 418, 421
(1951); Feinberg v. Berglewicz, 32 Conn. App. 857, 860 (1993). One cannot recover upon a contract unless he has fully performed his obligation under it, has tendered performance or has a legal excuse for not performing. Automobile Ins. Co. v. Model Family Laundries,Inc., 133 Conn. 433, 437 (1947).
Because the Landlord has failed to date to fulfill its obligation to provide a renewal offer containing the same described premises as the Tenant is currently occupying, the lease has not expired and therefore has not terminated by lapse of time.
NONPAYMENT OF RENT
There is no dispute between the parties that the payment of annual basic rent for the premises is current. However, a genuine dispute exists as to the actual amount owed to the Landlord for "additional rent" which includes water and sewer bills. The Tenant testified credibly during trial that it has paid what it believes it owes for its pro rata share of the water and sewer bills, and that it is awaiting an "itemized list of expenses" as provided for under the lease agreement before it will pay any more for the water/sewer bills. Therefore, Landlord has not sustained its burden of proof that additional rent is owed by the Tenant.
Moreover, "[e]quitable principles barring forfeitures may apply to summary process actions for nonpayment of rent if: (1) the tenant's breach was not willful or grossly negligent; (2) upon eviction, the tenant will suffer a loss wholly disproportionate to the injury to the landlord; (3) the landlord's injury is reparable." Cumberland Farms, Inc. v. Dairy Mart,Inc., 225 Conn. 771, 778 (1993). Moreover, "`[t]he doctrine against forfeitures applies to a failure to pay rent in full when that failure is accompanied by a good faith intent to comply with the lease or a good faith dispute over the meaning of a lease.'"Cumberland Farms at 778.
Based on the evidence presented, it is clear that the Tenant's breach was not willful or grossly negligent and that a genuine dispute exists as to the amount of "additional rent" owed, if any, to the Landlord. Moreover, while the managing CT Page 4753 member of the Landlord was unclear as to the amount actually owed during trial, at most it appears that the total arrearage for the "additional rent" equals only $3513.56. To evict the Tenant based on this amount would cause the Tenant to suffer a loss wholly disproportionate to the injury to the Landlord. Likewise, the Landlord's injury is reparable by way of payment once an itemized expense accounting has been provided and agreed upon by the parties.
Even if the Landlord is ultimately entitled to additional rent under the lease, the defendant is entitled to equitable relief from the forfeiture of the lease, because a genuine dispute exists as to whether any additional rent is owed and there has been a good faith intent on the part of the Tenant to comply with the terms of the lease.
For all of the above reasons, the Landlord is not entitled to summary process and judgment shall enter in favor of the defendant.
Rogers, J.